UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

CARMEN BLANCO,

    Plaintiff,

vs.

CASE NO: **CIV-ZLOCH**

**00-6006**

MICHAEL W. MOORE, Secretary of the
FLORIDA DEPARTMENT OF CORRECTIONS,
in his Official Capacity, and
FLORIDA DEPARTMENT OF CORRECTIONS

    Defendants.
_____/

## COMPLAINT

Plaintiff, CARMEN BLANCO, (hereinafter referred to as "BLANCO"), by and through her undersigned attorneys, files this, her Complaint, against Defendants, MICHAEL W. MOORE, Secretary of FLORIDA DEPARTMENT OF CORRECTIONS and FLORIDA DEPARTMENT OF CORRECTIONS, (hereafter collectively referred to as "DEPARTMENT OF CORRECTIONS"), and states as follows:

1. Plaintiff, BLANCO, seeks injunctive relief and monetary damages to remedy discrimination on the basis of age, race and national origin in the terms, conditions and privileges of employment and to redress the deprivation of rights secured to Plaintiff by the Civil Rights Act of 1964, 42 U.S.C. §2000e *et. seq.*, ("Title VII"), as amended by the Civil Rights Act of 1991, and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes.

2. The jurisdiction of the Court over this controversy is based upon the following:

a. The Court's jurisdiction conferred by 28 U.S.C. §§1331 and 1343 (a)(4) conferring original jurisdiction upon this Court of any civil action to recover damages or to secure equitable relief pursuant to any act of Congress providing for the protection of Civil Rights;

b. Title VII, 42 U.S.C. §2000e, *et. seq.*;

c. 29 U.S.C §621 *et. seq.*;

d. The Court's supplemental jurisdiction conferred by 28 U.S.C. §1367(a) to redress the tortuous and unlawful conduct described herein.

3. The venue of this Court over this controversy is based upon the following:

a. The unlawful employment practices alleged below occurred and/or were committed within the State of Florida, within Broward County. Accordingly, venue lies in the Fort Lauderdale Division of the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §1391(b); and

b. Plaintiff avers that Defendants were doing and continue to do business in this judicial district within the meaning of 28 U.S.C. §1391(c). Accordingly, venue lies in this judicial district pursuant to 28 U.S.C. §1391(c).

4. At all times material hereto, Plaintiff, BLANCO, was and continues to be a citizen of the United States, and a resident of Broward County, Florida. At all times material hereto, Plaintiff, BLANCO, was and continues to be woman over the age of forty (40) of Puerto Rican descent.

5. At all times material hereto, Plaintiff, BLANCO, was and continues to be an employee or former employee of Defendants, DEPARTMENT OF CORRECTIONS.

6. At all times material hereto, Defendants, DEPARTMENT OF CORRECTIONS, were and continue to be an "employer" within the meaning of Title VII and the Florida Civil Rights Act of 1992, and is located in Broward County, Florida.

7. At all times material hereto, Defendant, MICHAEL W. MOORE, was and continues to be the Secretary of Florida Department of Corrections.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

8. Plaintiff, BLANCO, has fulfilled all conditions precedent to the institution of this action by timely filing a written Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), and the Florida Commission on Human Relations ("FCHR").

9. Plaintiff, BLANCO, filed this action within ninety (90) days of her receipt of the EEOC's Notice of Right To Sue and subsequent to one-hundred and eighty (180) days of her filing a Charge of Discrimination with the FCHR.

## STATEMENT OF FACTS

10. On March 12, 1992, Plaintiff, BLANCO, was hired by Defendants, FLORIDA DEPARTMENT OF CORRECTIONS as a Word Processor.

11. At all times material hereto, Plaintiff was fully qualified for the position of Word Processor, and performed her job duties with distinction.

12. During Plaintiff's employ, BLANCO was subjected to a pattern of intentional discrimination by her supervisors because of her age and national origin.

13. During the six years of Plaintiff's employment with Defendants, BLANCO was never promoted. Although BLANCO applied for several promotions and requested training which was available for other similarly situated employees, Plaintiff was never promoted and never received the requested training. Instead, other less qualified individuals were promoted and given training opportunities, all of whom were younger than Plaintiff and were not of Puerto Rican descent.

14. In fact, when Plaintiff first applied for a promotion, her supervisor informed her that she was "wasting time" and that she would never be promoted because of her national origin.

15. Plaintiff continued to apply for promotions and each time her application was rejected. During Plaintiff's employment, she requested to be promoted at least eleven (11) times, and each time her request was denied. Meanwhile, employees who were hired after Plaintiff and

who were less qualified than Plaintiff routinely received promotions and/or additional training opportunities.

16. At all times material hereto, Plaintiff was fully qualified for each position she applied for. Additionally, during Plaintiff's tenure with Defendants, she consistently received favorable reviews from her supervisors.

17. Although Plaintiff has made several complaints regarding the ongoing discrimination, Defendants have not taken steps to remedy the situation. On or about June 23rd, 1998 Plaintiff informed Defendants that she would not return to work until an investigation of the discrimination of her was investigated and corrected. However, Defendants still refused to investigate or otherwise correct the discrimination of Plaintiff based on her age and national origin.

18. Defendants' acts and omissions set forth in this Complaint constitute conduct on the part of the Defendants that was willful, wanton, malicious and reckless, demonstrating a knowing and/or reckless disregard for the rights of Plaintiff.

19. Further, Defendants' acts and omissions set forth in this Complaint, constitute conduct on the part of the Defendants' demonstrating a malicious and/or reckless indifference to the federally protected rights of Plaintiff so as to entitle Plaintiff to receive an award of punitive damages to punish Defendants and to deter Defendants and its agents from such conduct in the future.

20. Plaintiff has retained the undersigned law firm to represent her in this litigation, and has agreed to pay the firm a reasonable fee for it's services.

## COUNT I: VIOLATION OF TITLE VII

21. Plaintiff realleges and reavers paragraphs 1 through 20 of this Complaint as if fully set forth herein.

22. Defendants have discriminated against Plaintiff in the terms and conditions of her employment because of her national origin.

23. The unlawful discriminatory pattern, practice, usage and custom by Defendants, and its agents and employees, as set forth above, violates Title VII of the Civil Rights Act of 1964, U.S.C. §2000e, as amended by the Civil Rights Act of 1991, Pub. L. No.102-166, 105 Stat.1071 (1991).

24. As a direct and proximate result of Defendants unlawful and discriminatory employment policies and practices, Plaintiff has suffered damages and will continue to suffer irreparable injury and damages in the future, including, but not limited to:

    a. Loss of past and future income;

    b. Stress, anxiety and emotional distress;

    c. Significant past and future pain and suffering; and

    d. Other financial losses.

25. Plaintiff is entitled to an award of reasonable attorney's fees, expert fees, costs and expenses related to the litigation pursuant to §706 (k) of Title VII, 42 U.S.C. §2000e 5(k), as amended by Section 113 of the Civil Rights Act of 1991.

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendants and:

    a. Permanently enjoin the Defendants, its agents, employees, and those acting in concert with the Defendants from continuing to violate the rights of Plaintiff.

    b. Award Plaintiff compensatory, consequential and punitive damages.

    c. Award Plaintiff costs including but not limited to reasonable attorneys fees, and any such further relief as this court deems just, proper, and equitable.

## COUNT II: VIOLATION OF ADEA

26. Plaintiff realleges and reavers Paragraphs 1 through 20 of this Complaint as if

fully set forth herein.

27.   Defendants have discriminated against Plaintiff in the terms and conditions of her employment because of her age.

28.   The unlawful discriminatory pattern, practice, usage and custom by Defendants, and its agents and employees, as set forth above, violates The Age Discrimination in Employment Act of 1967, 29 U.S.C. §623, et. seq.

29.   As a direct and proximate result of Defendants' unlawful and discriminatory employment policies and practices, Plaintiff has suffered damages and will continue to suffer irreparable injury and damages in the future, including, but not limited to:

   a.   Loss of past and future income;

   b.   Stress, anxiety and emotional distress;

   c.   Significant past and future pain and suffering; and

   d.   Other financial losses.

30.   Plaintiff is entitled to an award of reasonable attorney's fees, expert fees, costs and expenses related to the litigation pursuant to 29 U.S.C. §623, et. seq.

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendants and:

   a.   Permanently enjoin the Defendants, its agents, employees, and those acting in concert with the Defendants from continuing to violate the rights of Plaintiff.

   b.   Award Plaintiff compensatory, consequential and punitive damages.

   c.   Award Plaintiff costs including but not limited to reasonable attorneys fees, and any such further relief as this court deems just, proper, and equitable.

**COUNT III: VIOLATION OF §760.10 Florida Statutes-National Origin Discrimination**

31.   Plaintiff realleges and reavers Paragraphs 1 through 20 of this Complaint as if fully set forth herein.

32. Defendants have discriminated against Plaintiff in the terms and conditions of her employment because of her national origin.

33. The unlawful discriminatory pattern, practice, usage, and custom by Defendants and its agents and employees, as set forth above, violates the Florida Civil Rights Act of 1992, Section 760.10, Florida Statutes.

34. As a direct and proximate result of Defendants' unlawful and discriminatory employment policies and practices, Plaintiff has suffered damages and will continue to suffer irreparable injury and damages in the future, including, but not limited to:

    a. Loss of past and future income;

    b. Stress, anxiety and emotional distress;

    c. Significant past and future pain and suffering; and

    d. Other financial losses.

35. Plaintiff is entitled to an award of reasonable attorney's fees, expert fees, costs and expenses related to this litigation pursuant to § 760.11(5), Florida Statutes.

WHEREFORE Plaintiff requests that this Court enter judgment against Defendants; and

    a. Declaring, pursuant to 28 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the Florida Civil Rights Act of 1992;

    b. Award Plaintiff compensatory damages, including, but not limited to, damages from mental anguish, loss of dignity, humiliation, and other intangible injuries.

    c. Prohibit Defendants from further unlawful employment practices;

    d. Award Plaintiff prejudgment and post-judgment interest, reasonable attorney's fees and costs; and

    e. Award Plaintiff any such other relief as justice requires, including punitive damages.

## COUNT IV: VIOLATION OF §760.10 Florida Statutes-Age Discrimination

36. Plaintiff realleges and reavers Paragraphs 1 through 20 of this Complaint as if fully set forth herein.

37. Defendants have discriminated against Plaintiff in the terms and conditions of her employment because of her age.

38. The unlawful discriminatory pattern, practice, usage, and custom by Defendants and its agents and employees, as set forth above, violates the Florida Civil Rights Act of 1992, Section 760.10, Florida Statutes.

39. As a direct and proximate result of Defendants' unlawful and discriminatory employment policies and practices, Plaintiff has suffered damages and will continue to suffer irreparable injury and damages in the future, including, but not limited to:

    a. Loss of past and future income;

    b. Stress, anxiety and emotional distress;

    c. Significant past and future pain and suffering; and

    d. Other financial losses.

40. Plaintiff is entitled to an award of reasonable attorney's fees, expert fees, costs and expenses related to this litigation pursuant to § 760.11(5), Florida Statutes.

WHEREFORE Plaintiff requests that this Court enter judgment against Defendants; and

    a. Declaring, pursuant to 28 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the Florida Civil Rights Act of 1992;

    b. Award Plaintiff compensatory damages, including, but not limited to, damages from mental anguish, loss of dignity, humiliation, and other intangible injuries.

    c. Prohibit Defendants from further unlawful employment practices;

d.  Award Plaintiff prejudgment and post-judgment interest, reasonable attorney's fees and costs; and

e.  Award Plaintiff any such other relief as justice requires, including punitive damages.

### Demand for Jury Trial

Plaintiff Demands trial by jury on all issues triable as of right.


Dated:  January 3, 2000

Respectfully submitted

By: _____
Andrew S. Henschel, Esq
FBN #852503

HENSCHEL AND HENSCHEL, P.A.
951 Northeast 167th Street, Suite 205
North Miami Beach, FL 33162
Telephone:  (305)999-9398
Facsimile:  (305)999-0181

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

00-6006 CIV-ZLOCH

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**
Carmen Blanco

**DEFENDANTS**
Michael W. Moore, Secretary of the Florida Department of Corrections, in his official capacity and The Florida Department of Corrections.

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** Broward
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

A-NORTH - 6006-ZLOCH/BSS

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)** (305) 999-9348
Andrew S. Henschel, Esq.
Henschel & Henschel, P.A., 951 NE 167th St
#205, North Miami Beach, FL, 33162

**ATTORNEYS (IF KNOWN)**
MAGISTRATE JUDGE
SELTZER

CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, (BROWARD), PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | A PROPERTY RIGHTS | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / PERSONAL PROPERTY | B☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | B☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | A LABOR | B SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| A REAL PROPERTY | A CIVIL RIGHTS | PRISONER PETITIONS | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | HABEAS CORPUS: | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | B☐ 530 General | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | ☐ 740 Railway Labor Act | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | ☐ 790 Other Labor Litigation | A☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | A☐ 791 Empl. Ret. Inc. Security Act | A☐ 871 IRS - Third Party 26 USC 7609 |
| | | B☐ 555 Prison Condition | | A OR B | ☐ 890 Other Statutory Actions |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Civil Rights Act of 1964, 42 U.S.C. § 2000 et. seq., Ch. 760 FlA. STATUTES

**LENGTH OF TRIAL**
via 3 days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $**
**CHECK YES only if demanded in complaint:**
**JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions)
JUDGE _____ DOCKET NUMBER _____

**DATE** 1/3/00
**SIGNATURE OF ATTORNEY OF RECORD** Andrew S Henschel

**FOR OFFICE USE ONLY**
RECEIPT # 518211 AMOUNT 150.00 APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____