UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CARMEN BLANCO,

      Plaintiff,

v.

MICHAEL W. MOORE, Secretary
of the FLORIDA DEPARTMENT
OF CORRECTIONS, in his Official
Capacity, and FLORIDA DEPT. OF
CORRECTIONS,

      Defendants.
_____/

CASE NO.  00-6006-CIV-ZLOCH

MAGISTRATE JUDGE SELTZER

## MOTION TO DISMISS AND SUPPORTING MEMORANDUM OF LAW

Defendants, MICHAEL W. MOORE, Secretary of the FLORIDA

DEPARTMENT OF CORRECTIONS, in his Official Capacity, and the FLORIDA

DEPARTMENT OF CORRECTIONS, by and through their undersigned counsel,

and pursuant to Rule 12(b), Federal Rules of Civil Procedure, file this motion to

dismiss the complaint filed by Plaintiff, CARMEN BLANCO, and state:

    1.    The complaint contains the following claims against both Defendants:

      a.      Count I brought under Title VII for discrimination based on national origin.

      b.      Count II brought under ADEA for discrimination based on age.

      c.      Count III brought under Florida's civil rights statutes, section 760.10, for discrimination based on national origin.

2.      Plaintiff's claims against DOC, a state agency, under ADEA, are barred by the state's Eleventh Amendment immunity.  Thus, this court must dismiss Count II in its entirety.

3.      If Count II is not dismissed, Count III is duplicative of Count II.

4.      Plaintiff has improperly sued both Michael W. Moore, Secretary of the Florida Department of Corrections in his official capacity and the Florida Department of Corrections.  Thus, this court must dismiss all claims in Counts I, II and II against Mr. Moore.

5.      Plaintiff's Title VII claim may be time-barred by Plaintiff's failure to file suit within ninety days after receiving her right-to-sue letter.  The right to sue letter was issued on October 5, 1999 and suit was filed ninety-one days later on January 4, 2000.

6.      Plaintiff's complaint does not state that Plaintiff has provided the administrative notice necessary to invoke waiver of sovereign immunity embodied in section 768.28, Florida Statutes.  Plaintiff may have failed to notify the State of Florida Department of Corrections or the Department of Insurance claim in writing to the as to her claim within 3 years after such claim accrues and or the appropriate agency denies the claim in writing.  See §768.28, Fla. Stat.

7.      Plaintiff's complaint fails to state a cause of action for discrimination based on national origin or age.  Plaintiff has failed to establish a prima facie case of employment discrimination for failure to be promoted.  Plaintiff has failed to show that each time she was not promoted, a person with lesser or the same qualifications, but who was not Hispanic or who was younger, was promoted.

8.      Punitive damages are not provided for by the Florida Civil Rights Act.

WHEREFORE, Defendans respectfully requests that this court dismiss Plaintiffs' complaint.   In support of the foregoing motion, Defendants hereby file this Memorandum of Law:

Blanco v. Moore, etc., et al.
CASE NO. 00-6006-CIV-ZLOCH
Page 4

# MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

## I.    The State of Florida is immune from suit under the ADEA.

Plaintiff's claims against DOC, a state agency, under ADEA, are barred by the state's Eleventh Amendment immunity. The Eleventh Amendment bars suits against a state government by its own citizens in federal court. Edelman v. Jordan, 415 U. S. 651 (1974). ADEA does not contain a valid waiver of state's Eleventh Amendment immunity.    See Kimel v. State of Florida Board of Regents, 120 S. Ct. 631 (U.S. 2000). The ADEA does not clearly and unequivocally abrogate the States' Eleventh Amendment Immunity.    Id. Moreover, section 768.28, Florida Statutes, did not abrogate immunity of the State of Florida under the Eleventh Amendment.    See Gamble v. Florida Department of Health and Rehabilitative Services, 779 F. 2d 1509 (11th Cir.1986) (section 768.28 did not waive Florida's Eleventh Amendment immunity for 1983 action); Shinholster v. Graham, 527 F. Supp. 1318, 1331-32 (N. D. Fla.1981). Thus, the State of Florida and its agencies are immune from the claims raised in Count II of the Plaintiff's Complaint. Thus, Plaintiff's claims against DOC and its secretary in his official capacity are barred by Eleventh Amendment immunity. Accordingly, all claims under Count II must be dismissed with prejudice.

## II.    Michael W. Moore, in his official capacity, has sovereign immunity from suit.

Plaintiff has improperly sued both Michael W. Moore, Secretary of the Florida Department of Corrections in his official capacity and the Florida Department of Corrections. A suit against a state official including his official title is a suit against this official in his "official capacity." Colvin v. McDougall, 62 F. 3d 1316 (11th Cir. 1995). A suit against a defendant in his official capacity is, in actuality, a suit against the governmental entity which employs him. Hafer v. Melo, 502 U. S. 21, 25 (1991) (under 42 U.S.C. § 1983, official-capacity suits are merely another way of pleading an action against the entity of which the officer is an agent); Busby v. City of Orlando, 931 F. 2d 764, 776 (11th Cir. 1991) (quoting Kentucky v. Graham, 473 U. S. at 15) (citing Monell v. Department of Social Services, 436 U. S. 658, 690 n.55). Therefore, in this action, Blanco is suing the DOC twice.

Moreover, Plaintiffs cannot amend their complaint and name MOORE in his individual capacity. A supervisor, in his individual capacity, does not fall within Title VII's definition of "employer." See Williams v. Banning, 72 F. 3d 552 (7th Cir. 1995). Only when a supervisor is acting in an official capacity can he be deemed an "agent" of the employer and any recovery against a supervisor must be in his official,

not individual, capacity.  See Humphreys v. Medical Towers, Ltd., 893 F. Supp. 672

(S. D.Tx. 1995), aff'd, 100 F. 3d 952 (5th Cir. 1996).

Similarly, the Florida Civil Rights Act (FCRA) does not allow individual

liability suits. See Sanders v. Mayor's Jewlers, Inc., 942 F. Supp. 571(S.D. Fla. 1996).

There is no liability on part of employees for violation of Florida Civil Rights Act;

liability extended only to employers. See Huck v. Mega Nursing Services, Inc., 989

F. Supp. 1462 (S. D. Fla.1997).   Accordingly, this court must dismiss all claims

against Secretary Moore with prejudice.

### III.    Plaintiff may have failed to comply with the jurisdictional prerequisites of Title VII.

Title VII requires that plaintiffs seeking to bring civil actions under Title VII

must do so within 90 days of receiving notice of their right-to-sue from the EEOC.

See  Mohasco Corp. v. Silver, 447 U. S. 807, 826 (1980); Goldsmith v. Atmore, 996

F.2d 1155, 1160 (11th Cir. 1993); Norris v. Florida Dept. of Health & Rehabilitative

Services, 730 F. 2d 682 (11th Cir.1984); 42 U.S.C. § 2000e-5(f)(1). Compliance with

the 90 day requirement is a prerequisite or condition precedent to the bringing of a

Title VII action.  If a claimant does not file suit within the time allotted, her claim is

time-barred.   42 U.S.C. §2000e-5(f)(1); 29 U.S.C. §626(3); see generally, Norris v.

Florida Dept. of Health & Rehabilitative Servs., 730 F. 2d at 682; Chapman v.
Travalco, U.S.A., Inc., 973 F. Supp. 1045 (S. D. Fla. 1997). In fact, this ninety-day
limit is strictly enforced in the Eleventh Circuit. See Norris v. Florida Department of
Health and Rehabilitative Services, 730 F.2d at 682 (ninety-one days); Law v.
Hercules, Inc., 713 F. 2d 691, 692 (11th Cir.1983) (Title VII complaint, filed ninety-
one days after the EEOC's right-to-sue letter was signed by plaintiff's seventeen year-
old son, was time-barred. The dismissing suit filed ninety-one days after right to sue
letter received at their shared place of residence); Bell v. Eagle Motor Lines, Inc., 693
F. 2d 1086 (11th Cir.1982) (affirming the dismissal of suit for failure to meet the 90-
day filing deadline where the EEOC notification letter was delivered to plaintiff's
home and was received by Plaintiff's wife who resided in the home).

The 90 day period begins to run from the date the EEOC right to sue letter is
delivered to formally designated counsel or to claimant. Thus, the date that the ninety
days begins to run is from the date that the Plaintiff receives the notice. Goldsmith.
Ringgold v. National Maintenance Corp., 796 F. 2d 769, 770 (5th Cir. 1986).

In this case, the EEOC issued the right to sue letter on October 5, 1999.
Plaintiff filed the complaint in this cause on January 4, 2000. If Plaintiff received the
letter prior to October 6, 1999, this claim is time-barred.

IV.    **Plaintiff's claims arising prior to September 21, 1997 are time-barred.**

Title VII requires that charges of discrimination with EEOC must be filed within a set time following their occurrence or they are barred. See 42 USC §2000e-5(e)(1) (requiring charges to be filed "within three hundred days after the alleged unlawful employment practice occurred"). Plaintiff filed her charges with the FCHR and the EEOC on July 16, 1998. Thus, any claims arising from actions taken prior to September 21, 1997 are time-barred. Plaintiff's complaint alleges claims that occurred prior to September 21, 1997. These claims are barred.

V.    **The state law claim raised in Count III may be barred by sovereign immunity and the statute of limitations.**

Section 768.28(6)(a), Florida Statutes provides, in pertinent part, that:

> An action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and also, except as to any claim against a municipality or the Spaceport Florida Authority, presents such claim in writing to the Department of Insurance, within 3 years after such claim accrues and the Department of Insurance or the appropriate agency denies the claim in writing.

Moreover, section 768.28(7), Florida Statutes provides, in pertinent part:

> In actions brought pursuant to this section, process shall be served upon the head of the agency concerned and also,

except as to a defendant municipality or the Spaceport
Florida Authority, upon the Department of Insurance.

In this case, Plaintiff's complaint does not state that Plaintiff has provided the

administrative notice necessary to invoke waiver of sovereign immunity embodied in

section 768.28, Florida Statutes.  Nor does Plaintiff's complaint allege the years in

which she was denied promotions.  Absent evidence of compliance with all the

statutory requirements of Section 768.28, Defendants must reiterate raise this issue in

this motion to dismiss.

Plaintiff may not filed her claims within the three year limitations period set out

in section 768.28.  Without providing notice within three year, Plaintiff would not

have  complied with these statutory prerequisites.  If not filed, Plaintiff failed to

provide the administrative notice necessary to invoke the waiver of sovereign

immunity within the required three years of their accrual.  See §768.28, Fla. Stat.

The failure to comply with the three year limitation period set out in section

768.28 requires the dismissal of Count III for failure to seek a timely waiver of

sovereign immunity.  See Levine v. Dade County School Board, 442 So. 2d 210 (Fla.

1983); Lloyd v. Ellis, 520 So. 2d 59 (Fla. 1st DCA 1988); Hansen v. State of Florida,

503 So. 2d 1324 (Fla. 1st DCA 1987); Halpin v. Short, 490 So. 2d 1271 (Fla. 5th

DCA), rev. dismissed, 494 So. 2d 1150 (Fla. 1986). Absent evidence of waiver of statutory notice requirement or estoppel on part of state or other entity involved, where time for notice of claim against state has expired so that it is apparent that plaintiff cannot fulfill requirement, trial court has no alternative but to dismiss Count III of the complaint with prejudice. See Brown v. State, Dept. of Corrections, 701 So. 2d 1211 (Fla. 1st DCA 1997). If Plaintiff has not filed her claims within the allotted time, Defendant asks this court to dismiss Counts  for failure to seek a timely waiver of sovereign immunity.

VI.    **The state and its agencies are not liable for punitive damages under the Florida Civil Rights Act .**

Plaintiff asserts that she is entitled to an award of punitive damages against the Defendants in all three counts of the complaint. However, Plaintiff cannot recover punitive damages from a state agency. Section 768.28(5), Florida Statutes ("he state and its agencies and subdivisions shall be liable for tort claims in the same manner and to the same extent as a private individual under like circumstances, but liability shall not include punitive damages or interest for the period before judgment."). Therefore, Plaintiff cannot recover punitive damages from DOC in Count III.

### VII. <u>Plaintiff has failed to state a cause of action for failure to be promoted because of her age or national origin.</u>

When, on the basis of a dispositive issue of law, no construction of the factual allegations of a complaint will support the cause of action, dismissal of the complaint is appropriate. <u>See</u> <u>Hunnings v. Texaco, Inc.</u>, 29 F. 3d 1480, 1484 (11th Cir. 1994); <u>Executive 100, Inc. v. Martin County</u>, 922 F. 2d 1536 (11th Cir.), <u>cert. denied</u>, 502 U. S. 810 (1991); <u>see</u> <u>also</u> <u>Powell v. United States</u>, 945 F. 2d 374 (11th Cir. 1991). In order to survive a motion to dismiss, a plaintiff must satisfy the elements required to plead a prima facie case. <u>See</u> <u>McDonell Douglas Corp. v. Green</u>, 411 U. S. 792 (1973); <u>Mulhall v. Computer Assoc. Int'l</u>, 19 F. 3d 586, 597 (11th Cir.), <u>cert. denied</u>, 513 U. S. 919 (1994); <u>Harris v. District Board of Trustees of Polk Community College</u>, 9 F. Supp. 2d 1319 (M. D. Fla. 1998).

Moreover, Plaintiff must also state sufficient facts to apprize the defendant of the claims against him or her. Federal Rules of Civil Procedure Rule 8 contemplates that a pleading will reference the occurrences sued upon and will show that the pleader has a claim for which he/she is entitled to relief. <u>See</u> <u>Dumas v. Kipp</u>, 90 F. 3d 386, 392-93 (9th Cir. 1996) (conclusory allegation in section 1983 inadequate); <u>LRL Properties v. Portage Metro-Housing Authority</u>, 55 F. 3d 1097, 1103-05 (6th Cir.

1995) (rule requires more than bare assertion of a legal conclusion). Plaintiff has failed to establish when she applied for promotion and when promotions were denied.

Plaintiff has failed to establish a prima facie case of employment discrimination for failure to be promoted. A plaintiff may establish a prima facie of discrimination in a promotional decision by showing: (1) that she is a member of a protected class [national origin and age]; (2) that she was qualified for and applied for a promotion; (3) that she was considered for and denied the promotion; and (4) other equally or less qualified employees who are not members of the protected minority were promoted. See Walker v. Mortham, 158 F. 3d 1177, 1192-93 (11th Cir. 1998); Wu v. Thomas, 847 F. 2d 1480, 1483 (11th Cir. 1988), cert. denied, 490 U. S. 1006 (1989); see also Bundy v. Jackson, 641 F. 2d 934, 951 (D.C.Cir.1981) (modifying formula approved in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 & n. 13 (1973) for cases involving discriminatory refusal to hire).

In this case, Plaintiff cannot establish that she was not promoted because of her national origin or age. Nor can Plaintiff demonstrate that she was equally or more qualified that the individual selected for the promotion. Plaintiff has not even set forth her qualifications for promotion. Finally, Plaintiff has failed to show that each time

he was not promoted, a person with lesser or the same qualifications, but not an ethnic minority, was promoted.

WHEREFORE, Defendants, MICHAEL W. MOORE, Secretary of the Florida Department of Corrections, in his official capacity, and the FLORIDA DEPARTMENT OF CORRECTIONS, respectfully request that this court dismiss Plaintiffs' Complaint dismissing all claims against MOORE in his official capacity as duplicative to claims against the Department and dismissing claims under ADEA as barred by the Eleventh Amendment and any other relief as this court deems just and proper.

Respectfully submitted,

KUBICKI DRAPER
Attorneys for Defendants
City National Bank Building
25 West Flagler Street, PH
Miami, Florida   33130
Tel: (305) 982-6612
Fax. (305) 374-7846

By: _____
ELIZABETH M. RODRIGUEZ
Florida Bar No. 821690

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Motion to Dismiss and Supporting Memorandum of Law was sent by and by U.S. Mail this ___ day of ___ ___, 2000, to: ANDREW S. HENSCHEL, ESQ., Henschel and Henschel, P.A., 951 NE 167 Street, Suite 205, North Miami Beach, FL 33162.

_____
ELIZABETH M. RODRIGUEZ