UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   00-6006-CIV-ZLOCH

CARMEN BLANCO,

    Plaintiff,

vs.

**PARTIAL ORDER OF DISMISSAL**

MICHAEL W. MOORE, Secretary
of the FLORIDA DEPARTMENT OF
CORRECTIONS, in his Official
Capacity, and FLORIDA DEPT.
OF CORRECTIONS,

    Defendants.
_____/



MAY 1 1 2000

    THIS MATTER is before the Court upon the Defendants, Michael W. Moore, Secretary of the Florida Department of Corrections, in his Official Capacity, and the Florida Department of Corrections' Motion For Reconsideration Of Motion To Dismiss Or Renewed Motion To Dismiss (DE 9). The Court has carefully reviewed the merits of said Motion and the entire Court file herein, and is otherwise fully advised in the premises.

    The Plaintiff, Carmen Blanco, commenced the above-styled cause by filing a Complaint (DE 1) against the Defendants, Michael W. Moore, Secretary of the Florida Department of Corrections, in his Official Capacity, and the Florida Department of Corrections, pursuant to Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII"), 42 U.S.C. § 2000e et seq., the Age Discrimination in Employment Act, 29 U.S.C. §621 et seq., and the Florida Civil Rights Act (hereinafter "FCRA"). Specifically, the Plaintiff alleges that she is or was employed by the Defendants and that the Defendants discriminated against her based upon her age, race, and



national origin.

## I. MOTION TO DISMISS

The Court notes that only a generalized statement of facts needs to be set out to comply with the liberal Federal Rules of pleading. A classic formulation of the test often applied to determine the sufficiency of the Complaint was set out by the United States Supreme Court in <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957), wherein the Court stated:

> . . . In appraising the sufficiency of the Complaint we follow . . . the accepted rule that a Complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

The Court adds that a Complaint may not be dismissed because the plaintiff's claim does not support the legal theory he relies upon since the Court must determine if the allegations provide relief on any possible theory. <u>See</u>, <u>Robertson v. Johnston</u>, 376 F.2d 43 (5th Cir. 1967).

In the instant Motion (DE 9), the Defendants assert that they are entitled to dismissal of the Plaintiff's Complaint for various reasons. First, the Defendants assert that the Plaintiff's ADEA claims are barred by the Eleventh Amendment to the United States Constitution. Second, the Defendants assert that the Plaintiff's FCRA claims asserted in Count III should be dismissed for failure to provide the requisite notice for a waiver of sovereign immunity. Third, the Defendants assert that the Plaintiff has improperly sued both Michael W. Moore in his Official Capacity and the Department

2

of Corrections. Fourth, the Defendants assert that the Plaintiff is not entitled to punitive damages against the state and its agencies. Fifth, the Defendants assert that the Plaintiff's Title VII claims may be time-barred. Sixth, the Defendants assert that the Plaintiff has failed to state a claim for age or national origin discrimination. The Court notes that no response has been filed either by or on behalf of the Plaintiff despite this Court's prior Order (DE 12) directing the Plaintiff to file an opposing memorandum of law.

## II. ELEVENTH AMENDMENT IMMUNITY

The Eleventh Amendment of the United States Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend. XI. The Eleventh Amendment insulates states from suit brought by private parties in federal court. Penhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98 (1984). This immunity also applies to state agencies and departments. Halderman, 465 U.S. at 100-02; Cory v. White, 457 U.S. 85, 91-2 (1982). Moreover, since official capacity suits are regarded as functionally equivalent to a claim against the state itself, the Eleventh Amendment similarly bars actions instituted against individually named officials sued in their official capacities.

3

See Hafer v. Melo, 502 U.S. 21, 25 (1991); Kentucky v. Graham, 473 U.S. 159, 166 (1985); Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991).

State sovereign immunity, however, is not absolute. Rather, a state may consent to suit in federal court and Congress may abrogate a state's Eleventh Amendment immunity in the absence of waiver by a state. Welch v. State Dept. of Highways & Public Trans., 483 U.S. 468, 472 (1987); Halderman, 465 U.S. at 100; Edelman v. Jordan, 415 U.S. 651, 673 (1974) (requiring unequivocal waiver); Cross v. Ala., 49 F.3d 1490 (11th Cir. 1995) (citation omitted). Congressional intent to abrogate constitutionally guaranteed immunity of the states, however, must be "unmistakably clear in the language of the statute." Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 242 (1985).

Here, there is no dispute that the Defendant, the Department of Corrections, is an agency of the State of Florida. Moreover, the claims against the Defendant, Michael W. Moore, in his Official Capacity, are the functional equivalent of a suit against the State of Florida. Florida, however, has not consented to suit in federal court under the ADEA, nor has Congress validly abrogated Florida's sovereign immunity. Kimel v. State of Florida Bd. of Regents, 120 S.Ct. 631 (2000)(holding that ADEA does not abrogate state's Eleventh Amendment immunity); Gamble v. Florida Dep't of Health and Rehabilitative Servs., 779 F.2d 1509 (11th Cir. 1986)(holding that

4

Fla. Stat. §768.28 does not waive Florida's Eleventh Amendment immunity); <u>Shinholster v. Graham</u>, 527 F.Supp. 1318, 1331-32 (N.D. Fla. 1981).

Based upon the foregoing, the Court finds that this Court lacks jurisdiction over the ADEA claims contained in Count II of the Plaintiff's Complaint. Therefore, the Court will dismiss the ADEA claims asserted in Count II of the Plaintiff's Complaint (DE 1) pursuant to the Eleventh Amendment to the United States Constitution.

Next, to the extent that the Defendants assert that they are entitled to dismissal of the Plaintiff's Title VII claims, as asserted in Count I of the Plaintiff's Complaint, based upon Eleventh Amendment immunity, such argument is unavailing. Congress clearly has expressed its intent in the text of Title VII to abrogate sovereign immunity, and Congress has validly exercised its authority to do so under §5 of the Fourteenth Amendment to the United States Constitution. <u>Fitzpatrick v. Bitzer</u>, 427 U.S. 445, 448-49 (1976). Thus, the Plaintiff's Title VII claims are not barred by the Eleventh Amendment.

### III.  NOTICE AND WAIVER REQUIREMENTS OF §768.28

The Defendants next assert that they are entitled to dismissal of Count III of the Plaintiff's Complaint because the Plaintiff has failed to allege that she provided the administrative notice necessary to invoke a waiver of sovereign immunity as required by

Fla. Stat. §768.28. Fla. Stat. §768.28 provides in relevant part:

> An action may not be instituted on a claim against the State or one of its agencies or subdivisions unless the Claimant presents the claim in writing to the appropriate agency, and also, . . . presents such a claim in writing to the Department of Insurance, within three years after such claim accrues and the Department of Insurance or the appropriate agency denies the claim in writing . . . .

This section is part of the statutory waiver of sovereign immunity and by its terms requires written notice to the Department of Insurance within three years of the accrual of the claim before suit may be filed against any state agency. Levine v. Dade County Sch. Bd., 442 So.2d 210, 212 (Fla. 1983).

Here, the Plaintiff's Complaint fails to allege that she has provided the administrative notice necessary to invoke a waiver of sovereign immunity embodied in Fla. Stat. §768.28. The Plaintiff also has failed to allege the dates on which she was allegedly denied promotions. Absent evidence of waiver of statutory notice or estoppel by the state or other entity involved, where the time for notice of claim against the state has expired so that it is apparent that the Plaintiff cannot fulfill the requirement, the Court has no alternative but to dismiss Count III of the Plaintiff's Complaint. See Brown v. State Dep't of Corrections, 701 So.2d 1211 (Fla. 1st DCA 1997). Accordingly, the Court will dismiss Count III of the Plaintiff's Complaint for failure to allege compliance with Fla. Stat. §768.28.[1] The Court further notes that, since it has dismissed Count III of the Plaintiff's

---

[1] The Court notes that, in its Motion To Dismiss, the Defendants have not sought dismissal pursuant to Fla. Stat. §768.28 of the FCRA claim alleged in Count IV.

6

Complaint, it need not address whether the punitive damages requested in Count III are appropriate.

IV. DISMISSAL OF OFFICIAL CAPACITY CLAIMS

The Defendant next asserts that the Plaintiff has improperly sued both Michael W. Moore, Secretary of the Florida Department of Corrections, in his Official Capacity, and the Florida Department of Corrections. Suits against a defendant sued in his official capacity and direct suits against the government entity which employs him are functionally equivalent and, therefore, an official-capacity suit is redundant. Busby, 931 F.2d at 776 (citing Graham, 473 U.S. at 166). Based upon the foregoing, the Court finds that dismissal of all claims against the Defenidant, Michael W. Moore, Secretary of the Florida Department of Corrections, in his Official Capacity, is appropriate.

As to the Defendants remaining arguments, the Court notes that the legal issues raised by the Defendant's Motion To Dismiss may be more properly addressed in a Motion For Summary Judgment.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that the Defendants, Michael W. Moore, Secretary of the Florida Department of Corrections, in his Official Capacity, and the Florida Department of Corrections' Motion For Reconsideration Of Motion To Dismiss Or Renewed Motion To Dismiss (DE 9) be and the same is hereby **GRANTED** in part and **DENIED** in part as follows:

1. The Defendants' aforementioned Motion (DE 9) be and the

same is here by **GRANTED** as follows:

    a.  Count II of the Plaintiff's Complaint, which asserts a claim under the ADEA, be and the same is hereby **DISMISSED** pursuant to the Eleventh Amendment to the United States Constitution;

    b.  Count III of the Plaintiff's Complaint be and the same is hereby **DISMISSED** for failure to allege compliance with Fla. Stat. §768.28; and

    c.  All Counts asserted in the Plaintiff's Complaint be and the same are hereby **DISMISSED** as to the Defendant, Michael W. Moore, Secretary of the Florida Department of Corrections, in his Official Capacity, only.

  2.  In all other respects, the Defendants' aforementioned Motion (DE 9) be and the same is here by **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this _//<sup>th</sup>_ day of May, 2000.

 

_/s/ William J. Zloch_
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

Andrew S. Henschel, Esq.
For Plaintiff

Elizabeth M. Rodriguez, Esq.,
For Defendants