UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

FILED
JUL 2 0 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

CARMEN BLANCO,

CASE NO: 00-6006-CIV-ZLOCH

Plaintiff,

vs.

FLORIDA DEPARTMENT OF CORRECTIONS

Defendant.
_____/

## PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

Plaintiff, CARMEN BLANCO, by and through her undersigned attorneys, responds to this Court's Order To Show Cause dated July 7, 2000, and states:

1. Good cause exists as to why this case should not be dismissed.

2. On May 11, 2000, the Court issued an Order dismissing Counts II and III of Plaintiff's Complaint. Plaintiff has not yet received Defendant's Answer to Count I, and therefore have not propounded discovery upon Defendant.

3. Plaintiff files, concurrently with this Response, a Motion for Default Judgment for Defendant's failure to respond to Count I of Plaintiff's complaint.

4. Plaintiff prepared Interrogatories and Requests for Production in this case, which were being withheld pending Defendant's filing an answer to Count I.

5. Less than three (3) months have passed since the last proceedings in this case, specifically, the Court's last Order, dated May 11, 2000.

6. Moreover, the cause of any delay is Defendant's failure to file a responsive pleading with regard to Count I, and not intentional delay by Plaintiff.

7. While this Court has considerable discretion in imposing sanctions for a Plaintiff's failure to prosecute a case, case law mandates that dismissal is warranted only by a

"clear record of delay or willful contempt an a finding that lesser sanctions would not suffice". <u>Mingo v. Sugar Cane Growers Co-Op of Florida</u>, 864 F. 2d 101 (11th Cir. 1989). <u>See also</u> <u>Goforth v. Owens</u>, 766 F.2d 1533 (11th Cir. 1985) (A court should be reluctant to impose the harsh sanction of dismissal where the Plaintiff is not actually culpable).

8. Plaintiff will be unduly prejudiced should this case be dismissed as she will be barred from refiling the case due to the applicable statute of limitations.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been delivered, by mail, this ___20___ day of July, 2000 to Elizabeth Rodriguez, Esq. 25 West Flagler Street, PH, Miami, Florida 33130 the Clerk of the Court.

    HENSCHEL & HENSCHEL, P.A.
    951 Northeast 167th Street #205
    North Miami Beach, FL 33162
    Phone:    (305) 999-9398
    Facsimile:   (305) 999-0181

    By_____
    Andrew S. Henschel, Esquire
    Florida Bar No. 852503