

FILED by _____ D.C.

JUL 2 4 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CARMEN BLANCO,

    Plaintiff,

v.

MICHAEL W. MOORE, Secretary
of the FLORIDA DEPARTMENT
OF CORRECTIONS, in his Official
Capacity, and FLORIDA DEPT. OF
CORRECTIONS,

    Defendants.
_____/

CASE NO. 00-6006-CIV-ZLOCH

MAGISTRATE JUDGE SELTZER

### ANSWER, AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL

COME NOW, the Defendant, the FLORIDA DEPARTMENT OF CORRECTIONS, answers Plaintiff's complaint as follows:

1. Defendant admits that Plaintiff has filed what she purports to be an action for injunctive and monetary relief to remedy discrimination under Title VII. However, Defendant denies that the Complaint states a cause of action against them and that Plaintiff is entitled to the relief sought and the remaining allegations



contained in Paragraph No. 1 of Plaintiff's Complaint.

2. Defendant admits for jurisdictional purposes that this court has jurisdiction of the Plaintiff's claims in Count I brought under Title VII as stated in Paragraphs Nos. 2(a), (b) and (c) of Plaintiff's Complaint.

3. Defendant admits that venue is proper in this court and the allegations contained in Paragraph No. (3)(b). However, Defendant denies the allegations as stated in Paragraph No. (3)(a) of Plaintiff's Complaint and demands strict proof thereof.

4. Defendant is without sufficient knowledge to deny or admit the allegations contained in Paragraph No. 4 of the Plaintiff's Complaint, and demands strict proof thereof.

5. Defendant admits the allegations contained in Paragraph No. 5 of Plaintiff's Complaint.

6. Defendant admits the allegations contained in Paragraph No. 6 of Plaintiff's Complaint.

7. Defendant denies the allegations contained in Paragraph No. 7 of the Plaintiff's Complaint as stated and demands strict proof thereof. Michael W. Moore has not been the Secretary of the Department of Corrections the whole time that Ms.

Blanco has been employed there.

8. Defendant is without sufficient knowledge to deny or admit the allegations contained in Paragraph No. 8 of the Plaintiff's Complaint, and demands strict proof thereof.

9. Defendant is without sufficient knowledge to deny or admit the allegations contained in Paragraph No. 9 of the Plaintiff's Complaint, and demands strict proof thereof.

10. Defendant is without sufficient knowledge to deny or admit the allegations contained in Paragraph No. 10 of the Plaintiff's Complaint, and demands strict proof thereof.

11. Defendant is without sufficient knowledge to deny or admit the allegations contained in Paragraph No. 11 of the Plaintiff's Complaint, and demands strict proof thereof.

12. Defendant denies the allegations contained in Paragraph No. 12 of the Plaintiff's Complaint and demands strict proof thereof.

13. Defendant denies the allegations contained in Paragraph No. 13 of the Plaintiff's Complaint and demands strict proof thereof.

14. Defendant denies the allegations contained in Paragraph No. 14 of the

-cv-06006-WJZ Document 21 Entered on FLSD Docket 07/25/2000 F

Blanco v. Moore, etc., et al.
CASE NO. 00-6006-CIV-ZLOCH
Page 4

Plaintiff's Complaint and demands strict proof thereof.

15. Defendant denies the allegations contained in Paragraph No. 15 of the Plaintiff's Complaint and demands strict proof thereof.

16. Defendant denies the allegations contained in Paragraph No. 16 of the Plaintiff's Complaint and demands strict proof thereof.

17. Defendant denies the allegations contained in Paragraph No. 17 of the Plaintiff's Complaint and demands strict proof thereof.

18. Defendant denies the allegations contained in Paragraph No. 18 of the Plaintiff's Complaint and demands strict proof thereof.

19. Defendant denies the allegations contained in Paragraph No. 19 of the Plaintiff's Complaint and demands strict proof thereof.

20. Defendant is without sufficient knowledge to deny or admit the allegations contained in Paragraph No. 9 of the Plaintiff's Complaint, and demands strict proof thereof.

21. Defendant reaffirms and reavers its answers to Paragraphs 1-20 of Plaintiff's Complaint.

22. Defendant denies the allegations contained in Paragraph No. 22 of the Plaintiff's Complaint and demands strict proof thereof.

23. Defendant denies the allegations contained in Paragraph No. 23 of the Plaintiff's Complaint and demands strict proof thereof.

24. Defendant denies the allegations contained in Paragraph No. 24 of the Plaintiff's Complaint and demands strict proof thereof.

25. Defendant denies the allegations contained in Paragraph No. 25 of the Plaintiff's Complaint and demands strict proof thereof.

26. Defendant will not respond to the remaining allegations contained in Counts II, III and IV since these counts have been dismissed.

## AFFIRMATIVE DEFENSES

In further answering Plaintiffs' Complaint, the Defendant state:

1. Defendant states that Plaintiff's Title VII claim may be time-barred by Plaintiff's failure to file suit within ninety days of receiving her right-to-sue letter.

2. Defendant states that any claims arising from actions taken prior to September 21, 1997 are time-barred.

3. Defendant states that Plaintiff cannot bring claims in a lawsuit that were not included in her EEOC charge.

4. Defendant states that the complaint fails to state a claim for relief under federal or Florida law and, to the extent of same, the Plaintiff is barred from recovery.

-cv-06006-WJZ   Document 21   Entered on FLSD Docket 07/25/2000   F

Blanco v. Moore, etc., et al.
CASE NO. 00-6006-CIV-ZLOCH
Page 6

5.  Defendant states that Plaintiff has not been intentionally deprived of any right, privilege or immunity secured by state or federal law.

6.  Defendant states that it had a legitimate, nondiscriminatory reason for not promoting Plaintiff.

7.  Defendant states Plaintiff has failed to establish that she was subjected to any discrimination based on her national origin.

8.  Defendant states that Plaintiff has failed to establish that she was equally or more qualified than the individuals selected for promotion.

9.  Defendant states that Plaintiff's damages, if any, are capped as set forth in 42 U.S.C. §1981a.

10. Defendant states that Plaintiff's entitlement, if any, to back pay is limited than 2 years prior to filing complaint with EEOC as stated in 42 U.S.C. §2000e.

11. Defendant states that Plaintiff has failed to mitigate their damages as required by law.

12. Defendant states that Plaintiff failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise.

13. Defendant states that it cannot be liable as "an employer" for employment discrimination where it did not know of any discrimination against the

-cv-06006-WJZ    Document 21    Entered on FLSD Docket 07/25/2000    F

Blanco v. Moore, etc., et al.
CASE NO. 00-6006-CIV-ZLOCH
Page 7

Plaintiff. Nor did Defendant acquiesce, condone or ratify any unlawful acts practiced by other employees.

14. Defendant states that it is not liable since Plaintiff failed to complain or advise Defendant of the alleged discrimination by her supervisor. Plaintiff has failed to allege that the discrimination was pervasive enough to charge Defendant with constructive knowledge.

15. Defendant states that it cannot be held liable for any intentional torts committed by employees, and/or committed in bad faith, with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property.

16. Defendant states that it cannot be liable for any acts or omissions its employees committed outside the course and scope of their employment.

17. Defendant states that its decision not to promote Plaintiff would have been the same even if discrimination had played no role.

18. All of Defendant's actions toward the Plaintiff have been based upon the good faith exercise of the responsibility conferred upon them to make professional judgements regarding Plaintiff's qualifications and have been made without any regard for Plaintiff's national origin.

-cv-06006-WJZ    Document 21    Entered on FLSD Docket 07/25/2000    F

Blanco v. Moore, etc., et al.
CASE NO. 00-6006-CIV-ZLOCH
Page 8

19. Defendant states that it cannot be held liable for Plaintiff's damages, if any, since Plaintiff's rights were not violated by any policy or custom of the Defendant. Defendant did not have a policy or custom of discrimination based on national origin. Moreover, Defendant did not have any prejudice and did not allow any decision making motivated by national origin.

### DEMAND FOR JURY TRIAL

Defendant hereby demands a jury trial of all issues so triable.

WHEREFORE, Defendant, DEPARTMENT OF CORRECTIONS, having answered the Plaintiff's Complaint, respectfully requests that the Plaintiff's action be dismissed; that the Plaintiff have and recover nothing of it in this action; that the costs of this action, including reasonable fees for counsel for the Defendant, be taxed against the Plaintiff.

> KUBICKI DRAPER
> Attorneys for Defendant DOC
> 25 West Flagler Street, Penthouse
> City National Bank Building
> Miami, Florida 33130
> Telephone: (305) 982-6612
> Fax: (305) 374-7846
>
> By: _____
> ELIZABETH M. RODRIGUEZ
> Florida Bar # 821690

Blanco v. Moore, etc., et al.
CASE NO. 00-6006-CIV-ZLOCH
Page 9

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Answer and Affirmative Defenses were sent by U.S. Mail this 21st day of July, 2000, to: ANDREW S. HENSCHEL, ESQ., Henschel and Henschel, P.A., 951 NE 167 Street, Suite 205, North Miami Beach, FL 33162.

KUBICKI DRAPER
Attorneys for Defendants
City National Bank Building
25 West Flagler Street, PH
Miami, Florida   33130
Tel: (305) 982-6612
Fax. (305) 374-7846

By: _____
ELIZABETH M. RODRIGUEZ
Florida Bar No. 821690