UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CARMEN BLANCO,

Plaintiff,

v.

MICHAEL W. MOORE, Secretary
of the FLORIDA DEPARTMENT
OF CORRECTIONS, in his Official
Capacity, and FLORIDA DEPT. OF
CORRECTIONS,

Defendants.
_____/

CASE NO. 00-6006-CIV-ZLOCH

MAGISTRATE JUDGE SELTZER

NIGHT BOX
FILED

JUL 2 5 2000

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

## VERIFIED RESPONSE TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT, OR ALTERNATIVELY, MOTION TO VACATE DEFAULT

Defendant, FLORIDA DEPARTMENT OF CORRECTIONS, by and through their undersigned counsel, and pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, files this Response to Plaintiff's Motion for Default Judgment stating its objections to the entry of a default. Alternatively, Defendant hereby moves for the entry of an order setting aside or vacating a default if entered by the Clerk of the Court prior to the filing of this motion. In support of these motions, Defendant states:



Blanco v. Moore, etc., et al.
CASE NO. 00-6006-CIV-ZLOCH
Page 2

This court should not enter a default judgment in this case. First, Defendant has filed an answer and affirmative defenses prior to the entry of any default. Second, Plaintiff has failed to file an affidavit setting forth facts showing that the defendant is not in military service. 50 U.S.C. App. §§ 520(1).

Nor should the clerk enter a clerk's default in this case. As previously stated, an answer has been filed. If a clerk's default has been entered, Defendant urges that this court set it aside. As grounds for good cause, Defendant states that the undersigned counsel had prepared an answer and affirmative defenses in this matter responding to Count 1 of Plaintiff's complaint on or about May 15, 2000, immediately upon receipt of the court's partial order of dismissal. However, this answer was apparently never forwarded to Plaintiff's counsel and never filed with the court.

On May 15, 2000, the undersigned did not have an assistant. The undersigned had hired a new assistant, Jovianna Gonzalez, but she did not start working until Tuesday, May 16, 2000.[1] Therefore, the due date of the answer was never calendared and the answer prepared must have been lost and never served or filed.

---

[1] Ms. Gonzalez is currently out of the country. Defendant was unable to obtain her affidavit in time to file this response. Should this court find that her affidavit is necessary, Defendant will file it upon her return to this country.

-cv-06006-WJZ    Document 22    Entered on FLSD Docket 07/27/2000    P

Blanco v. Moore, etc., et al.
CASE NO. 00-6006-CIV-ZLOCH
Page 3

This error was magnified since Plaintiff's counsel never contacted Defendant to advise that no answer had been received. Since a copy of the answer was in the file, upon review of this court's order to show cause directed to Plaintiff's counsel, the undersigned never realized that no answer was ever filed. This constitutes excusable neglect and good cause to set aside any clerk's default.

The undersigned's first notice that no answer was filed or served was on July 21, 2000, upon receipt of the motion for entry of default judgment. Immediately upon receiving this motion for default judgment, the undersigned called Plaintiff's counsel, Andrew Henschel, and left him a voice mail that the answer was being faxed to him and being mailed to him. Defendant also had the answer filed Monday, July 24, 2000. The undersigned has spoken to Mr. Henschel to advise him that this motion is being filed. Defendant has exercised due diligence in resolving the failure to file an answer. Additionally, the answer filed contains meritorious defenses.

Finally, This motion is not made for the purpose of delaying these proceedings but instead is being made to ensure that this action is decided on the merits. Moreover, Plaintiff will not suffer any prejudice by this Court granting this motion.

For the foregoing reasons, Defendant respectfully requests that this court not enter a default judgment. Alternatively, if a clerk's default has been entered, Defendant respectfully requests that it be vacated.

## MEMORANDUM OF LAW

The Federal Rules of Civil Procedure (FRCP) 55(a) and 60(b) grant the courts discretion in setting aside an entry of default or default judgment. See Carpenters Health and Welfare Trust Fund of S. Fla v. Cauley Construction Corp., 691 F. Supp. 333, 334-35 (S.D. Fla. 1988); see also Whittlesey v. Weyerhauser Co., 640 F. 2d 739 (5th Cir.1981); Frank Keevan & Son, Inc. v. Callier Steel Pipe & Tube, Inc., 107 F. R. D. 665 (S. D. Fla. 1985). This discretion is exercised in light of the strong public policy disfavoring defaults and favoring a resolution of lawsuits based on their merits and not on technical, excusable or inadvertent grounds. See Florida Physician's Ins. Co. v. Ehlers, 8 F. 3d 780 (11th Cir. 1993); Boron v. West Texas Exports, Inc., 680 F. Supp. 1532, 1536 (S.D. Fla. 1988). Because of this strong policy of determining cases on their merits, defaults are disfavored. Gulf Coast Fans, Inc. v. Midwest Electronics Importers, Inc., 740 F. 2d 1499 (11th Cir.1984). However, the court's discretion is not absolute; the court must consider the competing policies of favoring judgment on the merits against the desirability of finality in the judicial process when determining

whether a judgment should be set aside. In re Hancock, 160 Bankr. 677, 681 (Bkrtcy. M.D. Fla. 1993).

Rule 55(c) sets forth the standards for determining whether relief from a default should be granted. The rule provides that in order to set aside an entry of default "good cause" must be shown. In addition to good cause, a defendant is entitled to the vacation of a clerk's default upon a showing of the following: (1) presence of meritorious defenses; (2) due diligence or timely action in moving for relief from default; and (3) the degree of prejudice that may occur to the non-defaulting party if relief is granted. Boron v. West Texas Exports, Inc., 680 F. Supp. 1532, 1536 (S.D. Fla.1988).

Some cases have also considered whether the default was the result of culpable conduct of the defendant. Compania Interamericana v. Compania Dominicana, 88 F. 3d 948, 951 (11th Cir. 1996). In this case, the default would have been entered through no fault of the Defendant.

In this case, Defendant has meritorious defenses. Defendant has filed an answer and affirmative defenses that demonstrates the existence of meritorious defenses to Plaintiff's allegations of discrimination based on national origin.

-cv-06006-WJZ Document 22 Entered on FLSD Docket 07/27/2000 F

Blanco v. Moore, etc., et al.
CASE NO. 00-6006-CIV-ZLOCH
Page 6

Defendant also acted with due diligence. Plaintiff served the motion for default judgment on July 20, 2000. Defendant received the motion on July 21, 2000. Defendant investigated the matter on Monday, July 24, 2000. Defendant drafted this motion and served it on Tuesday, July 25, 2000. Thus, Defendant acted quickly and with due diligence.

"'Good cause' is a mutable standard, varying from situation to situation. See United States v. Nalls, 177 F. R. D. 696 (S. D. Fla. 1997). It has been established that for all practical purposes, good cause and excusable neglect are treated alike under the excusable neglect standard of FRCP 60(b). Woodbury v. Sears, Roebuck & Co., 152 F.R.D. 229 (M.D. Fla. 1993); see also, 10 C. Wright & A. Miller, Federal Practice and Procedure §§ 2694 (1985).

In this case, Defendant's failure to file a timely answer meets the standard of both good cause and excusable neglect for several reasons. First, Defendant did not disregard the court's rules. Nor did Defendant act willfully or in bad faith in failing to answer timely. Next, Defendant acted promptly upon receipt of Plaintiff's motion for entry of default. Finally, Defendant's counsel contacted Plaintiff's attorney upon receipt of the motion for default judgment. See Boron v. West Texas Exports, Inc., 680

F. Supp. 1532 (S.D. Fla.1988). Defendant did not act with gross neglect or willful misconduct.

The undersigned did not have an assistant on the day that Defendant received the court's order triggering the due date of the answer. When the new assistant started on the next day, she did not calendar the due date of the answer and did not review the file to notice that a draft answer simply had to be finalized, signed, served and filed. This was human error that qualifies as good cause or excusable neglect as required by Rule 55(c). Although clerical error or oversight <u>alone</u> does not constitute excusable neglect, excusable neglect exists if the party provides specific facts to support a general allegation of human error. See <u>Precision Software Servs. v. Fortune Financial Sys.</u>, 1998 U.S. Dist. LEXIS 22067, 22068 (1998); <u>Tarmac Florida Inc. v. Employers Ins. of Wausau</u>, 706 F. Supp. 40, 41 (S.D. Fla. 1989) (emphasis added). However, this mistake was made worse, since Plaintiff's counsel never contacted the undersigned to inquire about the answer. This meant that the answer prepared stayed in the file and was never forwarded to opposing counsel. This meant that the undersigned was under the mistaken belief that the answer was filed and served.

Finally, setting aside the default will not unduly prejudice the Plaintiff at this early point in the proceedings. Discovery has not even commenced.

-cv-06006-WJZ    Document 22    Entered on FLSD Docket 07/27/2000    F

Blanco v. Moore, etc., et al.
CASE NO. 00-6006-CIV-ZLOCH
Page 8

WHEREFORE, Defendant, FLORIDA DEPARTMENT OF CORRECTIONS, respectfully requests that this court deny Plaintiff's motion for default judgment or alternatively, grant this motion to vacate or set aside any clerk's default entered in this case.

I declare under penalty of perjury that the foregoing is true and accurate.

Dated this 5 day of July, 2000.

ELIZABETH M. RODRIGUEZ
Florida Bar No. 821690

STATE OF FLORIDA )
COUNTY OF )

I HEREBY CERTIFY that on this day before me an officer duly authorized to take acknowledgments personally appeared ELIZABETH M. RODRIGUEZ, who is

__X__ personally known to me or
_____ produced identification
Type of identification produced _____

and she acknowledged before me that she executed the same freely and voluntarily for the purposes therein expressed

WITNESS my hand and official seal in the County and State last aforesaid, this 25 day of July, 2000.

NOTARY PUBLIC, State of Florida at Large
My Commission Expires:

VERONA B. MARSHALL
MY COMMISSION # CC 799868
EXPIRES: December 30, 2002
Bonded Thru Notary Public Underwriters

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Motion for Reconsideration was sent by and by U.S. Mail this 25th day of July, 2000, to: ANDREW S. HENSCHEL, ESQ., Henschel and Henschel, P.A., 951 NE 167 Street, Suite 205, North Miami Beach, FL 33162.

ELIZABETH M. RODRIGUEZ