UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   00-6006-CIV-ZLOCH

CARMEN BLANCO,

        Plaintiff,

vs.                                    **O R D E R**

FLORIDA DEPARTMENT OF CORRECTIONS,

        Defendant.

_____/



THIS MATTER is before the Court upon the Plaintiff, Carmen Blanco's Motion To Reconsider Order of Dismissal (DE 25).   The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

The Court notes that by prior Order (DE 18) the Court dismissed the above-styled cause, without prejudice, for the Plaintiff's failure to respond to this Court's Order to Show Cause (DE 17).  In the instant Motion, the Plaintiff seeks to vacate the Court's Final Order Of Dismissal (DE 18).   Specifically, the Plaintiff asserts that because the Plaintiff's claims will be barred by the applicable statute of limitation, the Court's dismissal of the above-styled cause without prejudice is, in effect, a dismissal with prejudice.

A district court has the power to control and direct its docket, a power which includes the power to dismiss a case.  Burden v. Yates, 644 F.2d 503, 505 (5th Cir. 1981).  In the instant case,

however, because the dismissal, while made without prejudice, has or probably will have the effect of precluding the Plaintiff from refiling her claim due to the running of the statute of limitations, the dismissal is tantamount to a dismissal with prejudice. Where a case is dismissed without prejudice, but the applicable limitations period probably bars further litigation, the standard is the same as for dismissal with prejudice. <u>Boazman v. Economics Lab.</u>, 537 F.2d 210 (5th Cir. 1976). Dismissal with prejudice is a drastic remedy and is appropriate only where a clear record of delay or willful contempt exists and where a court finds that a lesser sanction would not suffice. <u>Kilgo v. Ricks</u>, 983 F.2d 189, 192 (11th Cir. 1993).

Here, where the Court finds no clear record of delay or willful contempt, the Court finds that the interests of justice require that its prior order (DE 18) be vacated.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1.    The Plaintiff, Carmen Blanco's Motion For Reconsideration Of Final Order Of Dismissal Without Prejudice (DE 25) be and the same is hereby **GRANTED**;

2.    The Court's Final Order Of Dismissal (DE 18) dated July 19, 2000, be and the same is hereby **VACATED**, set aside, and of no further force or effect; and

2

3.    The Clerk of this Court is hereby **DIRECTED** to reopen the above-styled cause for further proceedings.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this _____ day of September, 2000.

WILLIAM J. ZLOCH
Chief United States District Judge

Copies furnished:

Andrew S. Henschel, Esq.
For Plaintiff

Elizabeth M. Rodgriguez, Esq.
For Defendant

3