UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CARMEN BLANCO,

CASE NO. 00-6006-CIV-ZLOCH

Plaintiff,

MAGISTRATE JUDGE SELTZER

v.

MICHAEL W. MOORE, Secretary
of the FLORIDA DEPARTMENT
OF CORRECTIONS, in his Official
Capacity, and FLORIDA DEPT. OF
CORRECTIONS,

**NIGHT BOX
FILED**

SEP 2 0 2001

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

Defendants.

_____/

### REPLY MEMORANDUM IN FURTHER SUPPORT OF DEFENDANT'S
### MOTION FOR FINAL SUMMARY JUDGMENT

Defendant, FLORIDA DEPARTMENT    OF CORRECTIONS, by and through its

undersigned counsel, pursuant to Rule 56(c), Federal Rules of Civil Procedure, Local Rule 7.1, and

Local Rule 7.5, files this Reply Memorandum responding to the arguments raised by Plaintiff in

Opposition to Defendant's Motion for Final Summary Judgment, and in further support of her motion

for final summary judgment states as follows:

**I.    Plaintiff Failed to Comply with Local Rule 7.5.**

Plaintiff's Response to this Court's August 27, 2001, order directing Plaintiff to respond to

Defendants' Motion for Summary Judgment or the motion would be granted fail to comply with the

requirements of Local Rule 7.5. First, Plaintiff did not include "a single concise statement of the

material facts as to which [he] contend[s] that there exists a genuine issue to be tried." S.D. Fla.

L.R. 7.5. Due to Plaintiff's failure to comply with this requirement of the local rules, this Court

*should grant summary judgment on all grounds. In the alternative, from Plaintiff's silence as to the*

identification of material facts which need to be tried, this Court can infer that none exist. Second,

Local Rule 7.5 also provides that "[a]ll material facts set forth in the statement required to be served

by the moving party will be deemed admitted unless controverted by the opposing party's statement." Accordingly, paragraphs 11 through 46 of Defendants' Motion for Summary Judgment (Dkt. 36) are admitted since Plaintiff did not controvert them. With no genuine issues of material fact to be tried and all the material facts identified by Defendant admitted, summary judgment is proper pursuant to Rule 56(c) of the Federal Rules of Civil Procedure. See Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986).

## II.    Plaintiff's claims prior to September 19, 1997 are time-barred and cannot form the basis of any of Plaintiff's claims of discrimination.

In this case, Plaintiff filed her charges with the FCHR and the EEOC on July 16, 1998 (Dkt. 36, Ex. "C"). As noted in the undisputed facts, Plaintiff asserts two claims in her Complaint -- denials of 11 promotions and failure to train. (Dkt. 2, p. 3; Dkt. 36, p. 4). Any claims raised by Plaintiff in Count I that arose before September 19, 1997 -- 300 days before the filing of the EEOC Charge are time-barred. Specifically, there is no evidence of failure to train after September 19, 1997 and ten of the eleven promotions at issue occurred before September 19, 1997. It is undisputed that only one of the eleven promotions at issue occurred within the 300 day time period. Specifically, it was Position #27756 - Fiscal Assistant II, which closed on October 25, 1997. (Dkt. 36, Ex. "F" at No. 9; Ex. "G"). Accordingly, Defendant DOC is entitled to judgment as a matter of law on any time barred claims. See Forehand v. Florida State Hosp., 89 F.3d 1562, 1567 (11th Cir. 1996); Samedi v. Miami-Dade County, 134 F. Supp. 2d 1320, 1342 (S.D. Fla. 2001); 42 U.S.C. §2000e-5(e)(1).

Plaintiff makes an unsupported assertion on page 7 of her memorandum in opposition to summary judgment that from 1994 to 1996 she "applied for at least 4 other promotions to positions in the capacity of secretary, clerk, or personnel aide." But this is contrary to Plaintiff's own complaint where she asserts that she applied for eleven promotions during her employment. (Dkt. 2, p. 3). Moreover, Plaintiff was hired two of the positions she sought. Plaintiff was hired as a Secretary Specialist, position 12807, and a Word Processing Specialist, position 15653. (Dkt. 36, Ex. "G" p. 2). In support of the fact that Plaintiff applied for seven promotions, Defendant provided documentary support. (Dkt. 36, Exs. "F" and "G"). Therefore, Plaintiff's bare assertions are refuted and cannot overcome Defendant's documentary evidence.

With respect to the failure to train, Ms. McDonald, Plaintiff's supervisor during this 300 day

2

time period, unequivocally testified that Plaintiff was not denied any training opportunities during this period. (Dkt. 36, Ex. "I" - McDonald Depo. at 34-36, 54). Moreover, Plaintiff's deposition is devoid of any denials of training during the relevant time period.   (Dkt. 36, Ex. E - Blanco Depo.).  She cannot establish requests she made for training and what requests were denied.

Plaintiff, as a matter of law, only can assert one timely claim for failure to promote, and she cannot assert any timely claims of failure to train.   Accordingly, this Court should grant summary judgment to Defendant DOC with respect to any claims arising prior to September 19, 1997.  See Samedi v. Miami-Dade County, 134 F. Supp. 2d at 1342 (granting summary judgment on all claims arising more than 300 days before the filing of the EEOC charge). Specifically, this Court should rule that the only timely claim the Plaintiff has is for the failure to promote to Position #27756.

## III.    Plaintiff's cannot allege a continuing violation.

Plaintiff alleges that this Court is to consider unsubstantiated statements made by Plaintiff's supervisor, Ms. Thompson, prior to September 1997 as probative of Defendant's discriminatory intent within the 300 day period. Moreover, "[a] discriminatory act which is not made the basis for a timely charge ... may constitute relevant background evidence in a proceeding in which the status of a current practice is at issue." United Air Lines, Inc. v. Evans, 431 U.S. 553, 558 (1977); see also Walker v. Jefferson County Home, 726 F.2d 1554, 1557 (11th Cir. 1984) ("In a disparate impact case, the court clearly may consider evidence of prior discriminatory acts if such evidence is relevant to show independently actionable conduct occurring within the statutory period."). But Plaintiff has failed to alleged that DOC has a current practice of not discriminating persons on the basis of their national origin.  Plaintiff has not worked at the Department since 1998.

Plaintiff cannot establish a pattern of discrimination.  Not all the decisions not to promote her were made by the same decision makers.  She did not apply for the same job each time.    Her applications were not close in time.  Considering Plaintiff's failure to report Ms. Thompson's comments and the fact that Plaintiff later worked for a different supervisor, and that Ms. Thompson had nothing to do with her denial of promotions, Plaintiff cannot allege a continuing violation against DOC.

In this case, there is no allegation of any present discriminatory conduct on the part of DOC. See LRL Properties v. Portage Metro Housing Authority, 55 F. 3d 1097, 1105 (6th Cir. 1995).  The

3

continuing violation doctrine cannot be used to "give a second chance to an employee who allowed a legitimate [ ] claim to lapse." Roberts v. Gadsden Memorial Hospital, 835 F. 2d 793, 800, modified on other grounds, 850 F.2d 1549 (11th Cir. 1988).

The continuing violation exception allows for an extension of the limitations period based on the claim of acts, which are committed under an ongoing policy of discrimination. See Beavers v. American Cast Iron Pipe Co., 975 F. 2d 792, 796 (11th Cir. 1992). In essence, the continuing violation doctrine revives otherwise time-barred claims. Roberts v. Gadsden Memorial Hosp., 835 F. 2d at 800. To invoke the exception, there must be at least one incident of discrimination occurring within the statutory period. See Matthews v. City of Gulfport, 72 F. Supp. 2d 1328 (M. D Fla. 1999). To determine whether to apply the exception and not the rule, the Court must analyze three factors in order to determine whether the continuing violation exception is available to the plaintiff See Roberts v. Gadsden Memorial Hosp., 835 F. 2d at 793; Scelta v. Delicatessen Support Services, Inc., 89 F. Supp. 2d 1311 (M. D. Fla. 2000). A court should look to whether such allegations are related in: (1) subject matter; (2) frequency; and (3) permanence. Id.

In this case, these three factors are not present. Plaintiff's claims are not frequent and permanent. Plaintiff is alleging that she was denied promotions on the basis of her national origin. It is undisputed that Plaintiff resigned on June 29, 1998. (Dkt. 36, Ex. "B"). Thus, her alleged discrimination ended in 1998. Plaintiff's alleges she was denied promotions from 1993 through 1997. Plaintiff last applied for a promotion on October 15, 1997. (Dkt. 36, Ex. "E"). There are no allegations of discrimination in 1998 or thereafter. Therefore, Plaintiff cannot allege a continuing violation. Plaintiff's claims prior to September 19, 1997 cannot be revived.

The facts of this case are akin to the circumstances in Knight v. Columbus, Georgia, 19 F.3d 579, 580 (11th Cir 1994). In this case, there is no "incessant violation" by DOC which would enable the Plaintiffs to recover for the entire duration of the violation, without regard to the fact that it began outside the statute of limitations window. Id. at 582. Instead of one on-going violation, this case involves a series of repeated violations of an identical nature. See Id. Thus, this case does not present a continuing violation that allows a plaintiff to ignore the statute of limitations. The court's analysis in Thigpen v Bibb County, 216 F. 3d 1314 (11th Cir. 2000) is also helpful in analyzing this case. In that case, the Eleventh Circuit found that each denied promotion presented a discrete,

4

actionable violation with its own limitations period. Id. Therefore, the court held that only the one timely denial of a promotion could serve as the potential basis for liability. Id.

If there is a continuing violation, Plaintiff can only recover for any violations for which the limitations period has not run. Knight v. Columbus, Georgia, 19 F.3d at 581.

## IV.    Plaintiff cannot assert discrimination in her failure to be promoted.

Defendant is entitled to judgment as a matter of law on Plaintiff's only non-time barred claim under Count I because the undisputed facts of this case establish that Plaintiff cannot establish a prima facie case of failure to promote because of her national origin. Specifically, Plaintiff cannot show she was qualified for the position of Fiscal Assistant II, and Plaintiff cannot show that Carolyn Baker was equally or less qualified for that position. E.g., Walker v. Mortham, 158 F. 3d 1177, 1192-93 (11th Cir. 1998).

As the undisputed facts show, Plaintiff admits to receiving letters at the close of each job search -- presumably including this position -- indicating that a more qualified candidate was chosen. (Dkt. 36, Ex. "E" - Blanco Depo. at 108). Plaintiff also admits that she does not even know if she had the requisite qualifications for each promotion she sought. She estimates that she was eighty (80%) percent qualified for the positions she sought. (Dkt. 36, Ex. "E" - Blanco Depo. at 111).

Plaintiff has no knowledge of Ms. Baker's qualifications or whether Plaintiff is more or less qualified for the position of Fiscal Assistant II. (Dkt. 36, Ex. "E" - Blanco Depo. at 104-105). Plaintiff's only reason for believing she was more qualified was her six years experience as a word processor with good performance reviews. Plaintiff claims that if an employee had good performance reviews in one job the person was automatically qualified for a promotion. (Dkt. 36, Ex. "E" - Blanco Depo. at 109). This, however, is unsupported by any DOC policy.

The undisputed evidence does establish that Ms. Baker was selected for the position of Fiscal Assistant II because she was more qualified than Plaintiff. (Dkt. 36, Ex. "H": Employee Histories of Baker and Plaintiff). As a comparison of the Plaintiff's and Baker's employee histories show, Ms. Baker had more experience and was better qualified for the position of Fiscal Assistant II because she had been performing the position since May 1994. Plaintiff's experience, on the other hand, was as a word processor. (Dkt. 36, Ex. "H"; Blanco Depo. at 109). Accordingly, Plaintiff lacks any evidence to show that Plaintiff was equally or more qualified for the position of Fiscal Assistant II.

5

(Dkt. 36, Ex. "H" - Blanco Depo.; Ex. "I", McDonald Depo.; Ex. "F"; Ex. "G"; and Ex. "H").

Plaintiff has meet its burden to establish absence of a genuine issue as to any material fact, but the Plaintiff has not met its burden of presenting evidence to support her claims. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) ("the focus in reviewing a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law"). Plaintiff doe not offer any evidence to dispute that she was not qualified for the position of Fiscal Assistant. Nor does she dispute that Baker was more qualified than her. She only states that "she was more qualified for these clerical positions than other non-Hispanic applicants with less experience who were selected instead." This assertion deals with clerical positions and a Fiscal Assistant does more than handle clerical matters.

In this case, Plaintiff the record is insufficient and unsupported by admissible evidence. See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (where factual context of claim is implausible, the nonmoving party must come forward with more persuasive evidence than would otherwise be necessary). The record does not provide Plaintiff with any evidence sufficient to met her burden in this summary judgment. Specifically, the Plaintiff show the existence of a genuine issue of a material fact by producing affirmative evidence sufficient for a reasonable jury to return a verdict in her favor because no such facts exist. Accord, Earley v. Champion Int'l Corp., 907 F.2d 1077, 1080 (11th Cir. 1990).

A mere "scintilla" of evidence, or evidence that is only "colorable" or is "not significantly probative" is insufficient. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-50 (1986). Issues of fact are genuine only if a reasonable jury, considering the evidence presented, could find for Plaintiff. Anderson, 477 U.S. at 247-51. In this case, Plaintiff cannot establish that she was not promoted because of her national origin. Nor can Plaintiff demonstrate that she was equally or more qualified than Carolyn Baker, the individual selected for the promotion. Accordingly, Defendant is entitled to judgment as a matter of law on Count I because Plaintiff's only non-time barred claim lacks any evidentiary support.

In case this Court finds that Plaintiff has alleged a continuing violation and that all promotional decisions are covered by Plaintiff's action, Defendant is entitled to a summary judgment

6

on all the promotional decisions made. Plaintiff makes a bare assertion that she was more qualified for the positions that she applied for than the other candidates. As argued above this conclusory argument, without more, is insufficient to counter Defendant's documentary evidence that the Personnel Director screening the applications against the requirements for the position, commonly referred to as KSAs, found Plaintiff did not meet the basis requirements and found her unqualified. (Dkt. 36, Ex. "F" and "G").

## V. Defendants Are Entitled to Final Summary Judgment Because Plaintiff Failed to Respond to Arguments Asserted in the Motion for Summary Judgment.

Plaintiff does not respond to several of the grounds presented by Defendant in its Motion for Summary Judgment. By failing to respond, Plaintiff concedes that summary judgment should be granted in favor of DOC.

Plaintiff does not contest that DOC is entitled to judgment as a matter of law on Defendant is entitled to judgment as a matter of law on Plaintiff's constructive discharge charge claim in Count I because it is outside the scope of the EEOC charge. E.g., Evans v. U.S. Pipe & Foundry Co., 696 F.2d 925, 928-29 (11th Cir. 1983). Further, Defendant is entitled to judgment as a matter of law on Plaintiff's constructive discharge charge claim in Count I because the undisputed facts of this case establish that Plaintiff voluntarily resigned. Moreover, the undisputed facts do not support a claim that the work conditions are objectively intolerable so as to require Plaintiff to resign. E.g., Poole v. Country Club of Columbus, Inc., 129 F.3d 551, 553 n 2 (11th Cir. 1997).

Plaintiff does not contest that DOC is entitled to judgment as a matter of law on Count IV - claim of national origin discrimination under FCRA. Under the law of the case doctrine, Plaintiff is entitled to judgment as a matter of law on Count IV because it should be dismissed for the same reasons this Court dismissed Count III -- failure to comply with Fla. Stat. §768.28. E.g., Winck v. Danzig, 147 F. Supp. 2d 1278 (M.D. Ala.2001).

Plaintiff does not contest that DOC is entitled to judgment as a matter of law on Plaintiff's claims of age discrimination. The EEOC charge, which was cross-filed with the FCHR (Ex. "C"), does not raise any claims of discrimination on the basis of age. It only raises a claim of national origin discrimination and retaliation. Therefore, Count IV, age discrimination in violation of the FCRA, is beyond the scope of the original charge. E.g., Evans v. U.S. Pipe & Foundry Co., 696 F.2d at 928-

7

29.

Plaintiff does not contest that DOC is entitled to judgment as a matter of law on Plaintiff's claims for punitive damages in Counts I and IV because state agencies cannot be liable for punitive damages. See Erickson v. Hunter, 932 F. Supp 1380 (M.D. Fla. 1996), aff'd, without op, 176 F.3d 493 (11th Cir. 1999); 42 U.S.C. § 1981a(b)(1).

Finally, Plaintiff does not contest that DOC is entitled to judgment as a matter of law on the ending date of Plaintiff's alleged damages. Defendant is entitled to judgment as a matter of law on any damages claims beyond June 29, 1998 because Plaintiff voluntarily resigned. E.g., Morrison v. Genuine Parts Co., 828 F.2d 708, 709 (11th Cir 1987).

## VI. Defendants are entitled to final summary judgment where Plaintiffs have failed to assert a retaliation claim in the complaint.

Plaintiff's complaint alleges nation origin discrimination under Title VII in Count I. Plaintiff does not allege a claim of retaliation in this count or in any other count of the complaint. If this court finds that Plaintiff has alleged such an action, this court must consider Defendant's motion for summary judgment on this claim.

The undisputed facts establish that Plaintiff cannot establish a prima facie case of retaliation. In particular, Plaintiff cannot show (1) that he engaged in protected expression, (2) that he suffered an adverse employment action, or (3) that a causal relationship exists between the two events. Bass v. Board of County Commissioners, 242 F.3d 996 (11th Cir. 2001); Gupta v. Florida Bd. of Regents, 212 F.3d 571, 587 (11th Cir.2000); Farley v. Nationwide Mut. Ins., 197 F.3d 1322, 1336 (11th Cir.1999); Little v. United Technologies, 103 F.3d 956, 959 (11th Cir. 1997); Raney v. Vinson Guard Service, Inc., 120 F.3d 1192, 1196 (11th Cir. 1997).

Plaintiff cannot establish that she was engaged in protected activity. Plaintiff did not complain about discrimination to the proper persons. She did not follow the established procedure to report discrimination. In order to engage in protected activity, the employee must communicate to his employer that discrimination is occurring. See Webb v. R&B Holding Co., Inc., 992 F. Supp 1382, 1389 (S. D. Fla. 1988). "It is not enough for the employee merely to complain about a certain policy or certain behavior ... and rely on the employer to infer that discrimination has occurred." Id. In an unsupportable statement, on page 1 of her response in opposition to summary judgment, Plaintiff

states that she was retaliated against "for her complaints of unlawful discrimination." In a further unsupported statement, Plaintiff states that she made "at least seven verbal and four written" complaints. No dates are given for these complaint and no evidence of these complaints is presented. In fact, Plaintiff did not follow the proper procedure for reporting discrimination. Thus, Plaintiff cannot establish that she engaged in any protected activity.

Second, Plaintiff cannot establish that she was subjected to an adverse employment action, and even if she could, she cannot show a causal link. Not all conduct by an employer negatively affecting an employee constitutes adverse employment action. Wideman v. Wal-Mart Stores, Inc., 141 F.3d 1453, 1456 (11th Cir. 1998) (holding that there is a "threshold level of substantiality that must be met for unlawful discrimination to be cognizable"). The 1998 evaluation given to Plaintiff was favorable. Such an evaluation cannot support an actionable retaliation claim. See Montandon v. Farmland Indus., Inc., 116 F. 3d 355, 359 (8th Cir. 1997) (holding that an evaluation which was lower than a previous evaluation but still merited a "meets expectations" score was not an adverse employment action); Meredith v. Beech Aircraft Corp., 18 F. 3d 890, 896 (10th Cir. 1994) (finding that plaintiff's review which was lower than previous evaluations but still gave her satisfactory marks was not an adverse employment action); Merriweather v. Alabama Dep't of Public Safety, 17 F. Supp. 2d 1260, 1274 (M. D. Ala. 1998) (stating that lower evaluation scores which still meet expectations are not adverse employment action).

The written reprimand given to Plaintiff on June 16, 1998 (Dkt. 36, Ex. "J") also cannot form the basis of a claim for adverse employment action where Plaintiff has failed to show this had any effect on her work. A written reprimand without any allegations that Plaintiff has suffered any cognizable consequences is insufficient to establish retaliation. The Eleventh Circuit has never held that "every unkind act" including "those without economic consequences, can violate Title VII." Wu v. Thomas, 996 F.2d 271, 273-74 (11th Cir. 1993).

In order to satisfy the burden of establishing that an adverse employment action occurred in either a Title VII discrimination or a retaliation claim, the Eleventh Circuit recently held as follows:

> Although the statute [Title VII] does not require proof of direct economic consequences in all cases, the asserted impact cannot be speculative and must at least have a tangible adverse effect on the plaintiff's employment. We therefore hold that an employee must show

9

> a *serious and material* change in the terms, conditions, or privileges of employment. Moreover, the employee's subjective view of the significance and adversity of the employer's action is not controlling; the employment action must be materially adverse as viewed by a reasonable person in the circumstances. (Emphasis in original).

Davis v. Town of Lake Park, 245 F.3d 1232 (11th Cir. 2001). Under this standard, Plaintiff cannot establish that he has suffered any adverse employment action.

Furthermore, in order to prevail on a retaliation claim, Plaintiff also must establish the requisite causal connection between her statutorily protected conduct and the alleged adverse employment action. See Goldsmith v. City of Atmore, 996 F.2d 1155, 1163 (11th Cir 1993). Assuming, arguendo, that the denials of promotions, the lowering of the evaluation, and the reprimand are adverse employment actions, there is no causation between them and her complaints of discrimination or grievances (whenever and if they occurred). Plaintiff failed to establish any temporal proximity between her complaints and the alleged adverse employment actions.

The record is devoid of any evidence to support Plaintiff's burden to establish that she suffered an adverse action and that it was causally linked to her engagement in protected activity. In addition, the lack of temporal proximity supports the conclusion that there is no causal link between the engagement in protected activity and the alleged adverse employment actions. Further, the legitimacy of the denial of the promotions supports the conclusion that they were undertaken for legitimate business reasons wholly unrelated to Plaintiff's alleged complaints or grievances.

The undisputed evidence establishes that Plaintiff is unable to establish a prima facie case for retaliation. Accordingly, this Court must grant summary judgment if it finds Plaintiff even alleged a retaliation claim in the complaint.

## VII.  CONCLUSION

For the foregoing reasons, Counts I and IV must be dismissed as a matter of law because there are no genuine issues of material facts in dispute, and Defendant DOC is entitled to judgment as a matter of law. In the alternative, Defendant DOC is entitled to a partial motion for summary judgment on Plaintiff's claims for punitive damages and damages arising after June 29, 1998.

WHEREFORE, Defendant, Department of Corrections, respectfully requests the entry of a final summary judgment in its favor disposing of the remaining claims pending against it.

10

Respectfully submitted,

KUBICKI DRAPER
Attorneys for Defendants
City National Bank Building
25 West Flagler Street, PH
Miami, Florida   33130
Tel: (305) 982-6612
Fax. (305) 374-7846

By: _____
ELIZABETH M. RODRIGUEZ
Florida Bar No. 821690

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Defendant DOC's Motion for

Summary Judgment was sent by and by U.S. Mail this 20th day of September, 2001, to: ANDREW

S. HENSCHEL, ESQ, Henschel and Henschel, P.A., 951 NE 167 Street, Suite 205, North Miami

Beach, FL 33162.

_____
ELIZABETH M. RODRIGUEZ

11