FILED by _____ D.C.

SEP 2 6 2001

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   00-6006-CIV-ZLOCH

CARMEN BLANCO,

Plaintiff,

vs.

**PARTIAL SUMMARY JUDGMENT AS TO COUNT IV & PUNITIVE DAMAGES CLAIM**

MICHAEL W. MOORE, Secretary
of the FLORIDA DEPARTMENT OF
CORRECTIONS, in his Official
Capacity, and FLORIDA DEPT.
OF CORRECTIONS,

Defendants.
_____/

THIS MATTER is before the Court upon the Defendant, the Florida Department of Corrections' Motion For Summary Judgment (DE 36). The Court has carefully reviewed the merits of said Motion and the entire Court file herein, and is otherwise fully advised in the premises.

The Plaintiff, Carmen Blanco, commenced the above-styled cause by filing a Complaint (DE 1) against the Defendants, Michael W. Moore, Secretary of the Florida Department of Corrections, in his Official Capacity, and the Florida Department of Corrections, pursuant to Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII"), 42 U.S.C. § 2000e et seq., the Age Discrimination in Employment Act, 29 U.S.C. §621 et seq., and the Florida Civil Rights Act (hereinafter "FCRA"). Specifically, the Plaintiff alleges that she was employed by the Defendants and that the Defendants discriminated against her based upon her age, race, and

4-3

national origin.

Initially, the Court notes that by prior Order (DE 15), this Court dismissed all claims asserted against Defendant, Michael W. Moore, Secretary of the Florida Department of Corrections, as well as dismissed Counts II and III of the Plaintiff's Complaint. Thus, only Counts I and IV are currently pending against the remaining Defendant, Florida Department of Corrections. Further, Defendant Florida Department of Corrections denies Blanco's allegations and has raised a number of affirmative defenses. This Court has jurisdiction over the above-styled cause pursuant to 28 U.S.C. §§ 1331 and 1343.

## I. Summary Judgment Standard

The Court notes that in ruling on the aforementioned Motion For Summary Judgment, it has considered only those matters permitted by Rule 56(c), Fed.R.Civ.P., and not arguments, proffers or representations by counsel of record.

Under Rule 56(c), Fed.R.Civ.P., summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

The party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its

motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.

To summarize, the moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).

The moving party is entitled to "judgment as a matter of law" when the non-moving party fails to make a sufficient showing of an essential element of the case to which the non-moving party has the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Everett v. Napper, 833 F.2d 1507 (11th Cir. 1987). The standard for granting summary judgment is the same as the standard for granting a directed verdict. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). The Appellate Courts generally, therefore, will affirm the granting of summary judgment if on any part of the prima facie case there would be insufficient evidence to require submission of the case to a jury. Anderson, 477 U.S. at 252-256; Barnes v. Southwest Forest Industries, Inc., 814 F.2d 607 (11th Cir. 1987). The evidence of the non-movant is to be believed, however, and all

3

justifiable inferences are to be drawn in his favor. Anderson, 477 U.S. at 255; Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970); Barnes, 814 F.2d at 609; Borg-Warner Acceptance Corp. v. Davis, 804 F.2d 1580 (11th Cir. 1986).

Nevertheless, where the moving party properly supports the motion for summary judgment, the nonmoving party may not rest upon the mere allegations or denials of its pleadings, but must, through affidavits or as otherwise provided in Rule 56, "designate 'specific facts showing that there is a genuine issue for trial.'" L.S.T., Inc. v. Crow, 49 F.3d 679, 684 (11th Cir. 1995) (citations omitted).

In the instant Motion For Summary Judgment (DE 36), the Defendant asserts various arguments as to why it is entitled to judgment as a matter of law. First, the Defendant asserts that the Plaintiff's age discrimination claim pursuant to the Florida Civil Rights Act of 1992, Florida Statutes § 760.01 et seq. as asserted in Count IV should be dismissed for failure to provide the requisite notice for a waiver of sovereign immunity. Second, the Defendant asserts that the Plaintiff is not entitled to punitive damages against the state and its agencies. Third, and finally the Defendant asserts that the Plaintiff has failed to establish a prima facie case of national origin discrimination.

## II. Notice and Waiver Requirements of §768.28

The Defendant asserts that it is entitled to judgment as a

matter of law as to Count IV of the Plaintiff's Complaint because the Plaintiff has failed to allege that she provided the administrative notice necessary to invoke a waiver of sovereign immunity as required by Fla. Stat. §768.28. Fla. Stat. §768.28 provides in relevant part:

> An action may not be instituted on a claim against the State or one of its agencies or subdivisions unless the Claimant presents the claim in writing to the appropriate agency, and also, . . . presents such a claim in writing to the Department of Insurance, within three years after such claim accrues and the Department of Insurance or the appropriate agency denies the claim in writing . . . .

This section is part of the statutory waiver of sovereign immunity and by its terms requires written notice to the Department of Insurance within three years of the accrual of the claim before suit may be filed against any state agency. Levine v. Dade County Sch. Bd., 442 So.2d 210, 212 (Fla. 1983).

Here, the Plaintiff's Complaint fails to allege that she has provided the administrative notice necessary to invoke a waiver of sovereign immunity embodied in Fla. Stat. §768.28. The Plaintiff also has failed to allege the dates on which she was allegedly denied promotions. Absent evidence of waiver of statutory notice or estoppel by the state or other entity involved, where the time for notice of claim against the state has expired so that it is apparent that the Plaintiff cannot fulfill the requirement, the Court has no alternative but to dismiss Count IV of the Plaintiff's Complaint. See Brown v. State Dep't of Corrections, 701 So.2d 1211

(Fla. 1st DCA 1997). Accordingly, the Court finds that the Defendant is entitled to judgment as a matter of law as to Count IV of the Plaintiff's Complaint for failure to allege compliance with Fla. Stat. §768.28.

### III. Punitive Damages

The Defendant next asserts that the Plaintiff is not entitled to punitive damages against the state and its agencies. The Court notes that Title VII does not allow a complaining party to recover punitive damages from a government, government agency or a political subdivision. See 42 U.S.C. § 1981a(b)(1). Here, it is undisputed that the Defendant, the Florida Department of Corrections, falls under the language of the § 1981a(b)(1). Thus, the Court finds that the Defendant is entitled to judgment as a matter of law as to the Plaintiff's claim for punitive damages as asserted in Count I.

### IV. National Origin Discrimination

As to the Plaintiff's national origin discrimination claim stated in Count I, the Court notes that this claim is fact sensitive and that both parties have disputed many of the relevant facts. Therefore, the Court finds that genuine issues of material fact exist which preclude summary judgment in favor of the Defendant as to this claim.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that the Defendant, Florida Department of

Corrections' Motion For Summary Judgment (DE 36) be and the same is hereby **GRANTED** in part and **DENIED** in part as follows:

1. The Age Discrimination claim asserted in Count IV of the Plaintiff's Complaint be and the same is hereby **DISMISSED**;

2. The Punitive Damages claims asserted in Count I of the Plaintiff's Complaint be and the same is hereby **DISMISSED**;

3. In all other respects, the Defendant's Motion For Summary Judgment (DE 36) be and the same is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this _26th_ day of _SEPTEMBER_ 2001.

_____
WILLIAM J. ZLOCH
Chief United States District Judge

Copies furnished:

Andrew S. Henschel, Esq.
For Plaintiff

Elizabeth M. Rodriguez, Esq.,
For Defendant