UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CARMEN BLANCO,    CASE NO. 00-6006-CIV-ZLOCH

Plaintiff,    MAGISTRATE JUDGE SELTZER

v.

MICHAEL W. MOORE, Secretary
of the FLORIDA DEPARTMENT
OF CORRECTIONS, in his Official
Capacity, and FLORIDA DEPT. OF
CORRECTIONS,

Defendants.
_____/



## DEFENDANT'S PRETRIAL STIPULATION

Defendant, STATE OF FLORIDA DEPARTMENT OF CORRECTIONS ("the

Department"), by its respective undersigned attorneys, respectfully submit its Pretrial

Stipulation in the above-styled civil action.

### 1.  STATEMENT OF THE CASE

#### B.  Defendant's Statement:

Plaintiff is suing for discrimination on the basis of national origin under Title

VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42

U.S.C. §2000e, et. seq. ("Title VII"). Although not alleged in the complaint, in her

Response to Defendant's Motion for Summary Judgment, Plaintiff has alleged she is also suing for retaliation.

Defendant denies that Plaintiff Blanco was discriminated against, retaliated against or deprived of any constitutional rights. Any actions taken by Defendant was done for legitimate business reasons, including, but not limited to, choosing the most qualified candidate for promotion. Defendant also contends that Plaintiff cannot substantiate any claims to the damages he seeks.

With regard to Plaintiff's allegations that she was discriminated against on the basis of national origin, most of the allegations concerning the failure to promote on the basis of national origin are untimely. Plaintiff Blanco was not promoted because she did not possess the knowledge, skills and abilities required for the positions she applied for. The Department denies that Plaintiff was discriminated against and/or that he suffered any adverse employment action as a result of the alleged discrimination. The other candidates selected were more qualified than her.

With regard to Plaintiff's allegations that he was retaliated against by the Department, many of the claims are untimely. The Department denies that Plaintiff was retaliated against, that he engaged in any protected activity, that he suffered any adverse employment action as a result of the alleged retaliation. There is no evidence of a causal link between the alleged engagement in protected activity and the alleged

2

retaliatory actions. The lack of temporal proximity alone undermines any causal link.

## 2. BASIS OF FEDERAL JURISDICTION

Federal jurisdiction exists since Plaintiff is suing under 42 U.S.C. §2000e, Title VII. The Court possesses subject-matter jurisdiction of Plaintiff's claim under 28 U.S.C., § 1331 and §§ 1343(3) and (4).

## 3. PLEADINGS RAISING THE ISSUES

- A. Blanco's Complaint (Dkt. 1).
- B. Defendants' Motion to Dismiss, Memorandum in Support and Reply Memorandum (Dkt. 7).
- C. Defendants' Answer and Affirmative Defenses (Dkt. 21).
- D. Defendants' Motion for Final Summary Judgment, Memorandum in Support and Reply Memorandum (Dkt. 36, 42).
- E. Plaintiff's Response to Defendants' Motion for Final Summary (Dkt. 39).

## 4. UNDISPOSED OF MOTIONS OR MATTERS

None

3

## 5.   UNCONTESTED FACTS

Plaintiff and Defendants have stipulated to the following facts and to none other:

### *Background Information On Defendant*

A.   The Department is an employer as that term is defined 42 U. S. C. §2000e (b).

B.   The Department has more than 500 employees in each of 20 or more calendar weeks in the current or preceding calendar year.

### *Background Information On Plaintiff*

C.   Plaintiff was born on July 9, 1950. (Dkt. 36, Ex. "E", Deposition of Carmen Blanco taken on March 16, 2001 ("Blanco Depo.") at 6).

D.   Plaintiff was born in Puerto Rico, and she moved to the United States when she was three (3) years old. (Blanco Depo. at 6).

E.   Plaintiff's educational background consists of high school and three and half (3 1/2) years of post-high school education at Broward Community College and Florida International University (FIU). Plaintiff does not have any degrees or professional licenses. (Blanco Depo. at 8-9).

F.   On March 13, 1992, Plaintiff was hired by the DOC as a Word Processor Systems Operator. (Dkt. 36 Ex. "A"; Dkt. 1 ¶10).

G.   On June 29, 1998, Plaintiff resigned. (Dkt. 36 Exs. "B", "K", and "L").

4

H.    On July 16, 1998, Plaintiff filed a charge of discrimination against the DOC alleging discrimination in failing to promote and retaliation on the basis of national origin in violation of Title VII and the FCRA. (Dkt. 36 Ex. "C").

I.    On Tuesday, October 5, 1999, the EEOC issued its Dismissal and Notice of Rights, EEOC Form 161 (10/96). (Dkt. 36 Ex. "D").

J.    Plaintiff's Complaint was filed on January 4, 2000. (Dkt. 1).

### *The Complaint*

K.    Plaintiff alleges that she applied for eleven promotions between 1992 and 1998. (Dkt. 1 at ¶¶ 10-19).

### *Undisputed Facts Relevant To Plaintiff's Promotion Claims*

L.    Of the eleven promotions Plaintiff claims she did not receive (Blanco Depo. at 41), Plaintiff received one of them (Blanco Depo. at 63-64).

M.    Of the remaining ten positions, Plaintiff was only eligible and qualified for seven of the promotions during her employment. (Dkt. 36 Ex. "F", Defendant DOC's Answers to Plaintiff's First Set of Interrogatories, at No. 9) (Dkt. 36 Ex. "G": Applicant Information for Carmen Blanco -- excerpt from the EEOC investigation file which was produced in response to Plaintiff's First Request for Production of Documents).

N.    Of the seven promotions, Plaintiff was eligible and qualified to be

5

considered as an applicant, only one occurred within 300 days of the filing of Plaintiff's EEOC charge. Specifically, it was for Position #27756 - Fiscal Assistant II, which closed on October 25, 1997. (Dkt. 36 Ex. "F" at No. 9; Dkt. 36 Ex. "G"). Carolyn Baker received this promotion. (Id.)

O. Plaintiff admits to receiving letters at the close of each job search indicating that a more qualified candidate was chosen. (Blanco Depo. at 108).

P. Plaintiff admits that she does not even know if she had the requisite qualifications for each promotion she sought. She estimates that she was eighty (80%) percent qualified for the positions she sought. (Blanco Depo. at 111).

Q. Plaintiff has no knowledge of Ms. Baker's qualifications or whether Plaintiff is more or less qualified for the positions of Fiscal Assistant II. (Blanco Depo. at 104-105).

R. Plaintiff's only reason for believing she was more qualified was her six years experience as a word processor with good performance reviews. Plaintiff claims that if an employee had good performance reviews in one job, the person was automatically qualified for a promotion. (Blanco Depo. at 109). Plaintiff cannot cite to any DOC policies that incorporate this view.

S. Ms. Baker was selected for the position of Fiscal Assistant II because she was more qualified than Plaintiff. (Dkt. 36 Ex. "H": Employee Histories of Baker and

6

Plaintiff).

T.  As a comparison of Plaintiff's and Ms. Baker's employee histories show, Ms. Baker had more experience and was better qualified for the position of Fiscal Assistant II because she had been performing the position since May 1994. Plaintiff's experience, on the other hand, was as a word processor. (Dkt. 36 Ex. "H").

U.  The record is devoid of any evidence to show that Plaintiff was equally or more qualified for the position of Fiscal Assistant II. (Blanco Depo., Dkt. 36 Ex. "I", McDonald Depo.; Dkt. 36 Ex. "F"; Dkt. 36 Ex."G"; and Dkt. 36 Ex. "H").

*Undisputed Facts Relevant To Plaintiff's Failure To Train Claims*

V.  Plaintiff's supervisor at the time of her resignation, Karen McDonald, is Jamaican. (McDonald Depo. at 6).

W.  Ms. McDonald supervised Plaintiff for approximately two years prior to Plaintiff's resignation. (McDonald Depo. at 11).

X.  The record is devoid of any evidence that Plaintiff was denied training opportunities. Non-Hispanic employees were not chosen for select training to increase their chances of promotion. Rather, DOC clerical employees, as a group, do not receive training to enable them to apply for promotions. (McDonald Depo. at 34-36).

Y.  The employees could, however, volunteer to serve as back-up for a position that could open up in the future. This would provide an employee with hands

7

on experience. (McDonald Depo. at 34-36, 54).

Z.     While under Ms. McDonald's supervision, Plaintiff did not volunteer to serve as a back up to a higher level person, which would provide on the job training in the event a position became open. (McDonald Depo. at 36, 54).

### *Undisputed Facts Relevant To Plaintiff's Resignation*

AA.    Plaintiff's only reprimand -- for which she can complain -- occurred on June 16, 1998. It was a written reprimand concerning her unprofessional conduct, which included loud vocal insubordination. (Dkt. 36 Ex. "J"). Plaintiff could not have suffered any adverse employment actions from this reprimand because she resigned a few days later on June 29, 1998. (Dkt. 36Ex. "B").

BB.    In response, Plaintiff filed two grievances. The first was a union grievance dated June 23, 1998. (Dkt. 36 Ex. "K"). Plaintiff also filed a Career Service Grievance. (Dkt. 36 Ex. "L").

CC.    The union grievance complained that Plaintiff was not permitted to see her personnel file by Grace Fishter, Ms. McDonald's supervisor. It did not complain in any fashion about national origin discrimination or retaliation. (Dkt. 36 Ex. "K").

DD.    The Career Service Grievance complained that Plaintiff was "discriminated against, harassed and retaliated against indirectly." (Dkt. 36 Ex. "L"). It does not, however, refer to or complain in any way about national origin

8

discrimination. (Id.). The remaining 26 lines of Plaintiff's Complaint deal with Ms. Fishter's alleged unprofessional behavior towards Plaintiff. The Grievance provides examples of this unprofessional behavior including negative memorandums in Plaintiff's personnel file and refusal to permit Plaintiff to inspect the file, but it does not concern Plaintiff's national origin. (Id.). Plaintiff concludes by threatening as follows:

> Until there is an investigation on Ms. Fishter's behavior towards me regarding her unprofessional behavior by an independent agency, or someone from Tellahasee [sic], I Carmen Blanco refuse to come to work until this problem is solved.

(Id.). Importantly, the threat to not return to work concerned Ms. Fishter's alleged unprofessional behavior and not any allegations of discrimination or retaliation on the basis of national origin. (Id.).

EE. On June 29, 1998, Plaintiff resigned from her position at the DOC. (Dkt. 36 Ex. "B"; Blanco Depo. at 96-97).

FF. Plaintiff gave the DOC an ultimatum through her resignation. She threatened that until the memorandums Ms. Fishter put in her personnel file were investigated, she would not return. (Blanco Depo. at 96-97).

GG. Plaintiff's resignation letter stated in relevant part as follows:

Ms. McDonald...Until there is an investigation from an independent

9

agency regarding the unethical and unprofessional behavior towards me,

I Carmen Blanco resign...as of June 29, 1998.

(Dkt. 36 Ex. "B").

FF.  The resignation letter does not complain about discrimination or retaliation on the basis of national origin. (Id).

HH.  Plaintiff first complained of discrimination or retaliation against on the basis of her national origin when she filed the EEOC Charge after her resignation. (Dkt. 36 Ex. "C").

### 6.  ISSUES OF FACT TO BE LITIGATED AT TRIAL

A.  Whether Plaintiff was not promoted because of her national origin?

B.  Whether Plaintiff engaged in protected activity?

C.  Whether Plaintiff suffered any adverse employment actions?

D.  Whether Plaintiff was retaliated against because of engaging in protected activity?

E.  Whether Plaintiff is entitled to recover damages from the Department under Title VII, and the precise nature and extent of damages claimed by the Plaintiff including mitigation of damages and attorneys fees.

F.  All issues of material fact listed in Plaintiff's Concise Statement of Material Facts to which there is a Genuine Issue to be Tried.

10

      G.    All issues of material fact raised in Defendant's Affirmative Defenses.

### 7. **ISSUES OF LAW ON WHICH THE PARTIES AGREE**

      A.    In order to prevail on the issue of liability against the Department, Blanco must establish the cause of action of national origin discrimination by a preponderance of the evidence including that Plaintiff suffered an adverse employment action, Defendant discriminated against Plaintiff because of his national origin, and Defendant's proffered reasons for taking such actions are a pretext.

      B.    In order to prevail on the issue of liability against the Department, Blanco must establish the cause of action of retaliation by a preponderance of the evidence including that Plaintiff engaged in protected activity, Plaintiff suffered an adverse employment action, Defendant retaliated against Plaintiff because she engaged in protected activity, and Defendant's proffered reason for taking such actions are a pretext.

      C.    Federal law controls the questions of whether the Defendant is liable to Blanco on her claim of violations of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e, et seq.)

      D.    No other issues of law are in agreement a this time.

11

8. **ISSUES OF LAW FOR DETERMINATION AT TRIAL**

   A.   Resolution of questions of law raised in Defendants' Motion for Summary Judgment.

   B.   Resolution of questions of law raised in Defendants' Affirmative Defenses.

   C.   Whether the Department is entitled as a matter of law to a directed verdict on Plaintiff's claims under Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e, et seq.) for retaliation.

9. **TRIAL EXHIBITS**

The parties have exchanged exhibits.

Plaintiff's list of trial exhibits with Defendants' objections, which is marked as Exhibit "A", is attached.

Defendants' list of trial exhibits with Plaintiff's objections is attached as Exhibit "B".

The following symbols apply to party's objections:

A:  Objection to authenticity

I:  Objection in whole, or in part, to the exhibit because it contains inadmissible evidence

R:  Objection to the exhibit's relevancy

12

H: Hearsay

UP: Unduly prejudicial/probative value outweighs probative effect

P: Privileged

The parties reserve the right to supplement their exhibit lists.

### 10. TRIAL WITNESSES

Plaintiff's list of witnesses is attached as Exhibit "C", and Defendants' list of witnesses is attached as Exhibit "D".

The parties reserve the right to supplement their witness lists.

### 11. ESTIMATED TRIAL TIME

The parties estimate that the jury trial of this matter will take 4-5 days.

### 12. STATEMENT OF ATTORNEY'S FEES

Blanco's counsel estimate he would be entitled to reasonable attorney's fees should Plaintiff prevail at the trial of this matter.

The Defendant's counsel estimates, that they will be entitled to the maximum amount properly available, subject to further argument and discussion with the Court.

13

## 9. DEFENDANT'S EXHIBIT LIST

1. Plaintiff's personnel file
2. DOC's Personnel and Procedures Policy
3. DOC's EEOC file
4. EEOC charge
5. EEOC's right to sue letter
6. Information regarding other applicants for promotion
7. Position descriptions for position Plaintiff applied for
8. Screening criteria
9. Plaintiff's letter of resignation
10. Memorandum dated 10/5/99
11. Record of Oral Step - Union Grievance - 6/22/98
12. Review and Performance Planning - 4/11/97
13. Department of Corrections - IG Investigation File #98-41395
14. Deposition of Carmen Blanco
15. Deposition of Karen McDonald
16. Demonstrative evidence
17. Any and all exhibits listed by plaintiffs
18. Any other depositions or statements taken before discovery cut-off

Defendant reserves the right to supplement this exhibit list

Exhibit "B"

KUBICKI DRAPER • 25 West Flagler Street • Miami, Florida 33130 • Tel. (305) 374-1212

## 10. - DEFENDANT'S WITNESS LIST

1. Carmen Blanco - Plaintiff
   c/o Henshel & Henshel, P.A.

2. Grace Fishter
   270 SW Fifth Street
   Boca Raton, FL 33434

3. Joyce D. Haley
   155 SE Third Avenue
   Delray Beach, FL 33483

4. Tony V. Harper
   155 SE Third Avenue
   Delray Beach, FL 33483

5. Kristine Simpson
   155 SE Third Avenue
   Delray Beach, FL 33483

6. Gary Rogatz
   4343 West Flagler Street
   Suite 100
   Miami, FL 33130

7. Barry Groves
   1250-D Blountstown Highway
   Tallahassee, FL 32310

8. Thomas Stillson
   1400 West Commercial Boulevard
   Second Floor
   Ft. Lauderdale, FL 33309

Exhibit "D"

9. Linda Scarlett
   Former Correctional Probation Senior Supervisor

10. Nancy Diane Knight
    1400 West Commercial Boulevard
    Second Floor
    Ft. Lauderdale, FL 33309

11. Ronald E. Crosby
    1400 West Commercial Boulevard
    Second Floor
    Ft. Lauderdale, FL 33309

12. Arline Weiss
    950 NW 80 Avenue
    Margate, FL 33063

13. Carl Berry
    5204 NW 66th Avenue
    Lauderhill, FL 33319

14. Teresa Baker
    1228 W 19th Avenue
    Ft. Lauderdale, FL 33311

15. Karen McDonald
    2928 N. State Road 7
    Lauderdale Lakes, FL

16. Diana Thompson
    2601 Blairs Stone Road
    Tallahassee, FL 32301

17. Jorge Gonzalez
    1400 W. Commercial Boulevard
    Second Floor
    Ft. Lauderdale, FL 33309

18. Marta Cortez
    1400 W. Commercial Boulevard
    Second Floor
    Ft. Lauderdale, FL 33309

19. Peggy Sierra
    1400 W. Commercial Boulevard
    Second Floor
    Ft. Lauderdale, FL 33309

20. Sam Subramani
    1400 W. Commercial Boulevard
    Second Floor
    Ft. Lauderdale, FL 33309

21. Brenda Hoffstedtler
    1400 W. Commercial Boulevard
    Second Floor
    Ft. Lauderdale, FL 33309

22. Supervisor Albert Hill
    2925 N. State Road 7
    Lauderdale Lakes, FL 3

23. Andrea Tranghese
    1381 SW 48 Avenue
    Ft. Lauderdale, FL 33317

24. Nineata Demoya
    2928 N. State Road 7
    Lauderdale Lakes, FL.

25. Carolyn Baker
    1400 W. Commercial Boulevard
    Second Floor
    Ft. Lauderdale, FL 33309

26. Michelle Gruss
    17021 N. Bay Road, #605
    N. Miami Beach, FL 33160

27. Records Custodian
    Personnel Department
    1400 W. Commercial Boulevard
    Second Floor
    Ft. Lauderdale, FL 33309

28. Michael J. Piette
    3169 Clancy CT
    Tallahassee, FL   32309
    (Economist)

29. Any and all witnesses listed by the Plaintiff

30. Rebuttal witnesses

    Defendant reserves the right to supplement this witness list

Respectfully submitted,

KUBICKI DRAPER
Attorneys for Defendant, DOC
City National Bank Building
25 West Flagler Street, PH
Miami, Florida   33130
Tel: (305) 982-6612
Fax. (305) 374-7846

By: _____
ELIZABETH M. RODRIGUEZ
Florida Bar No. 821690

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Defendant's Pretrial Stipulation was sent by U.S. Mail this  28th  day of September, 2001, to: ANDREW S. HENSCHEL, ESQ., Henschel and Henschel, P.A., 951 NE 167 Street, Suite 205, North Miami Beach, FL 33162.

_____
ELIZABETH M. RODRIGUEZ